After
 
 advifenient;' the unanimous opinion of the Court was delivered by
 

 the Chief Justice,
 

 in the following terms.
 

 M‘Kean,
 
 Chief Juf ice.
 
 'I'his aélion is brought on.a recognizance to the commonwealth of Pennfylvania, for the good beaavidur, entered into by_ the Defendant before me. The Defendant has appeared to the aélion, and exhibited his petition to the Court,"praying that the jurifdiftion thereof be tranf-ferred to the Circuit Court of the
 
 United
 
 States,
 
 as he is an si-tien, and a fubjeSl of the King of Great Britain.
 
 His right to this claim of jurifdiétion is faid to be grounded on the 12th feelion of the adt of Congrefs, entitled “An aét to eftabliih the
 
 *473
 
 Jadjcial Courts of the
 
 United
 
 States, pafled the 24th of
 
 September
 
 1789, in the firft claufe of which fediion it is enabled, that if a fuit be commenced in any State Court ngainft an alien, &c. and the matter in ’.difpute-exceeds the fum or valué of five hundred dollars; exclufive of cofts, on a petition of the Defendant, and a tender of bail to appear in the Circuit Court, &c. it {hull be the duty of the State Court to accept the furety, and proceed no further in the cafe,
 
 See.
 

 Previous to the delivery of my opinion in a caufe of fuch importance* as to the confequences of the decifion, I will make a few preliminary obfirvations on the conftitution and laws of the
 
 United State.s
 
 of
 
 Amerita.
 

 .
 
 Our fyftem of government feems to me to differ; in form and fpirit, from all other governments, that have heretofore exifted in the world. It is as to fome particulars national; in others federal, and in all the refidue territorial, or in diftridts called States.
 

 The divifions of power between the national* federal, end ftate governments, (all derived from the fame 'fOurce, the authority of the people) muft be’colledfed from the conftitution of the
 
 United States.
 
 Before it was adopted, the fiveral States had abfolute and unlimited foverefgnty within their refpedtive boundaries; all the povyers, legiilative; executive, and judicial, excepting thofe granted to Congrels under the old conftitution: They now enjoy them all, excepting fuch as are granted to the government of the
 
 United States
 
 by the prefent inftrument and the adopted amendments, which are for particular’ purpo-fes only. The government of the
 
 United States
 
 forms a part Of the government of each State; its jurifdidHori extends to the providing for the common defence a’gainft exterior injuries and violence, the regulation of commerce, and other matters fpe-’ daily enumerated in the conftitution’;’ all other powersf remain in the individual ftates, comprehending the inferior and other concerns; theft: combined,"form one complete government. Should there be any defecl: in this form of government, or any collifion occur, it cannot be remedied by the foie adl of the Congrefs, or of a State ; the people muft be reforted to, for enlargement or modification. If a State fhould differ with the
 
 United States
 
 about the conftrudfion of them, there is no common umpire but the people* who fhould adjuft the affair by malting-amendments in the conftitutional .way, or fuffer from the defedt. Iri fuch a cafe the conftitution of the
 
 United States
 
 is federal ;-it is a league or treaty made by the individual States, as one party,-and all the States, as another party. When two nations differ about the meaning of auy claufe, fentence, or 'wort! in a treaty, neither has an exclulive ’right to decide it;
 
 *474
 
 tney endeavour to adjuft the matter by negotiation, but if it cannot be thus accompliilied, each has a right to retain its own interpretation, until a reference be had to the mediation of other nations,, an a¡ bitation, or the fate of war. There is-no pro-vifion in the c-auftitution, that in fuch a cafe the Judges of the Supreme Court of the
 
 United Staiés
 
 ihall control and be con-cluí! ve : 'neither can the Congrcfs by a law confer that power. 7 here appears to be a defeft In this matter, it is a
 
 cafnsomif-jus,
 
 which ought in foms way tobe remedied. Perhaps the Vice-Prelident and Senate of the
 
 United States
 
 ; or. commiilioners appointed, fay one by each State, would be a mo're proper tribunal than the Supreme Court. Be that as it máy, I rather think the remedy mull: be found in an amendment of the con-ftitudon. ■
 

 I ihall now confider the Cafe before ur. It is an aftion brought in the name of the commonwealth of Perinfyhania> againft
 
 an alien,⅛ Britijb
 
 fuhjeft. By the exprefs words of the fecond fentcnce of the 2nd feftion of the 3d Article of the con-/tiunion of the
 
 United
 
 States, in fuch an aftion the Supreme Court ihall have original juriíüiftkm; whereas it-is now prayed by the Defendant, that original jarifdiftion be given to the Circuit Court. From this, itwould reafonably be concluded, that the Congreis, in the 12th feftion of the judicial law, did not contemplate an aftion wherein a State was Plaintiff, though an alien was Defendant, for it is there faid, “that if a fuit be commenced in any State Court againft an alien, &c.” as it does not mention by a State, the prefumption and conftruftion muff be, that it meant by a citizen.' This will appear pretty plain from a perufal of the nth feftion of the,fame aft, where it is .enacted, that the Circuit Courts ihall have original cognizance, concurrent with the Courts of the feveral States, of all fuits of •a civil nature, of a certain value, where the
 
 United States
 
 are Plaintiffs or Petitioners, or where an alien is a party. This confines the original cognizance of the Circuit Courts, concurrent with the Courts of the feveral States, to civil aftions commenced by the
 
 United States,
 
 or citizens againft. aliens, or where an alien is. a party, &c. and does not extend to actions brought againft aliens by. a State, for of fuch the Supreme Court had, by the conftitv.ticn, original jurifdiftion. I would further remark, mat the jurifdiftion of the Circuit Con; rs is confined to aftions of a c:vii nature againft .aliens, and does not extend to thofe of a criminal nature; for although the'word
 
 ’■fait”
 
 i« ufed generally .in the 12th feftion, without expreffng the words
 
 Ksf a civil natvrep
 
 yet the flighted confideration of wharfollows, manifeftly fhews that no órher fuit was meant; Tor the matter in difpute muff exceed five hundred dolía*skin-
 
 *475
 
 Value, fpecial bail muft be given,
 
 he.
 
 terms applicable to actions of a civil nature only.
 

 Let us now confider, whether this fuitagainft
 
 William Cch-iet
 
 is of a civil or criminal nature. It is grounded on a recognizance for th,e good behaviour entered into before the Chief Juftice of this State. This recognizance, it muft be conceded, was taken to prevent criminal actions by the- defendant, in violation of the peace,- order, and tranquility of the fociety; it was to prevent crimes,'or public wrongs, and mifJemeanors, •and for no other purpofer It is evidently of a
 
 criminal
 
 nature, and cannot be fupported, unltfs he fhall be convicted of having committed
 
 Jome crime. '
 
 which would incur itsbreachftr.ee its date, and before the da* on which the- piocds iíliied againft him. Befides, a recognizance is a matter of record, it is in the nature of- a
 
 judgment ^
 
 and the precefs upon it, whether a
 
 feire facias
 
 or fummons, .is for the parpóle of carrying i: into execution, and is rather
 
 judicial
 
 than
 
 original',
 
 it is no favthér to- be reckoned an original-fuit, than that the Defendant has a right to plead to it: it is founded upon the recognizance, and muft be confidered-as flowing from it, and partaking of its nature;' and when final judgmenr.ihall be given the whole is to be taken as one record. It has been welt obferved 'by the attorney general, that by the laft amendment, or legiflative declaration of the meaning of the Conftitution, refpecting the jurif-djdtion of the courts
 
 of
 
 the
 
 United States
 
 over the cau fes of States, it is ftrongly implied, that States .fhall not be drawn a-gaiñft their will direftly or indiredly before them, and that if the prtfi.nt application ihould prevail this would be the cafe. The words of the declaration are: “ The judicial power of the
 
 United States
 
 fiiall not be conftrued to extend to any fuit in lew or ..quity commenced or profecúted ágainft one of the
 
 United
 
 States, ny citizens of another State, or by citizens- or fubje&s of any foreign State.” When the judicial law was ■palled, the opinion picvailed that States might be fued, which by this amendment is fettled otherwife.
 

 • The argument'^
 
 inconvenient':
 
 is alfo applicable to the con-ftruclion
 
 of
 
 this feéiion of-the a£t of Congrcft. Can the Lee id ature of the
 
 United States
 
 be fuppofed to have intended (granting it was within their cor.ftitutional powers) that an alien, pefiding three or four hundred miles fiom where the Circuit^ipourt is held, who has, from his turbulent and infamous coildudt in his neighbourhood, been bound to the good behaviour by a magiftxate-of a fta:e, ihould, after a breach óf hjs recognizance and a profecution for' it commenced, ■ be enabled to remove the psofecuiion before a Court át fuch a distance, and held but twice in a year, to be tried by a juiy^
 

 
 *476
 
 ⅜76 Cases ruled and adjudged in the ,1798. who know neither the perfons, ■ nor characters, of the wit-neftes, and confequently are unqualified to try their credit; and to oblige the profecutnr and wiinefles to incur fuch an expence of tiqie and money, in order to prove that he had committed an aiTaulr, or any other offence that would amount to a yiolatiqn of if-? if fo, fuch a recognizance, though it would operate as a feeurity to the public againft a citizen, would be of little avail againft^n alien. It cannot be conceived, that they intended to put an alien in a more favorable utuation than a citizen in fuch ⅛ cafe, and by difficulties thrown in the way to difeourage and weaken, if not defeat che ufe of,
 
 a
 
 reftraint, found often to he very falutary in preferving the peace and quiet of the p -ople. Many other inconveniences have been mentioned by the coun-fcl, which I íhálJ not repeat. If, therefore, any other conftruction can be made it ought to prevail. Upon the whole, our opinion is, that where a
 
 State
 
 has ⅜
 
 controverfy
 
 with an
 
 alien
 
 about a contradi,, or other matter of a
 
 civil
 
 nature, the Supreme Court .of the
 
 United States
 
 has original jurifiidtion of it, and the circuit or diftridt courts have nothing to do with' fuch a cafe. The reafon feems to he founded in a refpecl for the dignity, of a State, that the adcion may be brought in the firft inftance before the high.eft tribunal, and alfo that"this tribunal would be moft likely to guard againft die power and influence of aftate over a foreigner, ‘iutthat neither the conftitution nor the conurefs ever contemplated, that any court under the
 
 United States
 
 ihould take cognizance of any thing favouring of
 
 crimina.ty r.g-.injl a State:.
 
 That the adlion before the court is of a
 
 criminal nature
 
 and for the puni&ment
 
 of
 
 a crime againft the State ; That yielding to the prayer of the petitioner %ould be highly inconvenient in itfelf and injurious in the precedent: And that cognizance of it would not be accepted by the Circuit Court, if fent to them •; for even con-lent cannot confer jurifdidtion. For thefe reafons, and others, omitted for the fake of brevity, I conclude, the prayer of
 
 William Cablet
 
 cannot be granted. The Petition, n CjtMÍÍRUBO