## CAMPBELL *v*. DULUTH, S. S. & A. RY. Co.

*(Circuit Court, D. Minnesota. April 7, 1892.)*

1. CIRCUIT COURTS—JURISDICTION—RESIDENCE OF DEFENDANT.
    Under Act Cong. March 3, 1887, § 1, as amended by Act Aug. 13, 1888, citizens or subjects of foreign states can sue citizens of the United States in the federal courts only in the district in which the latter reside.

2. SAME—CORPORATIONS—WHERE SUABLE.
    A corporation is conclusively presumed to be a resident and inhabitant of the state under whose laws it is created, and an employe, a citizen of a foreign state, cannot maintain an action for damages against a railroad in a state other than that under whose laws it was organized, merely because its agents are there found engaged in its business.

At Law. Action by William Campbell against the Duluth, South Shore & Atlantic Railway Company for damages for personal injuries. Cause dismissed.

Statement by SANBORN, Circuit Judge:

The plaintiff, a subject and citizen of the dominion of Canada, brought an action at law in the Minnesota district against the defendant, a corporation created and existing under the laws of Michigan, to recover damages for injuries received by him at Bagdad, Mich., while operating defendant's trains as a brakeman. It appears from the amended complaint, which we permit to be filed in order fully to present the question plaintiff's counsel desires to raise, that "the defendant owned and operated a railroad running through Bagdad, Mich., and Wisconsin, and into Duluth, Minn., and at Duluth Minn., said defendant maintains a ticket and freight office, with an agent thereat, who makes contracts there for defendant for both passenger and freight business, and defendant transports both passenger and freight so contracted for in its cars both to and from Duluth, from and to its other stations on its line of railway in Wisconsin and Michigan." The summons was served on the defendant's ticket agent at Duluth, and, under the statutes of Minnesota and the decisions of the courts of that state, the service would have been sufficient to have given a state court jurisdiction of the defendant corporation, if the action had been pending in such court. The action comes before us on an order to show cause why the service of summons should not be set aside, and the action dismissed, upon the ground that this court has no jurisdiction of the action, because the defendant is not an inhabitant of this district.

*Larrabee & Lammons*, for plaintiff.

*W. W. Billson*, for defendant.

Before SANBORN, Circuit Judge, and NELSON, District Judge.

SANBORN, Circuit Judge, *(after stating the facts.)* The first section of the act of congress of March 3, 1887, (24 St. p. 552,) as amended by the act of August 13, 1888, (25 St. p. 433,) defines the jurisdiction of the circuit courts in suits of a civil nature, at law or in equity, originally brought in those courts. Aside from the restriction as to the amount

in controversy, it declares that the circuit courts shall have original cognizance, concurrent with the courts of the states, of five classes of suits: (1) Those arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority; (2) those in which the United States are plaintiffs or petitioners; (3) those in which there is a controversy between citizens of different states; (4) those in which there is a controversy between citizens of the same state, claiming lands under grants of different states; (5) those in which there is a controversy between citizens of a state and foreign states, citizens, or subjects.

The section then provides:

"But no person shall be arrested in one district, for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

In the case now under consideration, the jurisdiction of the circuit court is not founded only or at all on the fact that the action is between citizens of different states. This action is one in which there is a controversy between a citizen or subject of a foreign state and a citizen of a state; hence the exception contained in the last clause, above quoted, to the general rule that no civil suit shall be brought in the circuit courts against any person by original process, in any other district than that whereof he is an inhabitant, does not apply to this action. The defendant corporation is conclusively presumed to be a resident and inhabitant of the state under whose laws it was created. *Gormully & J. Manuf'g Co.* v. *Pope Manuf'g Co.*, 34 Fed. Rep. 818; *Railroad Co.* v. *Koontz*, 104 U. S. 5, 12; *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1; *Myers* v. *Murray*, 43 Fed. Rep. 695; *National Typographic Co.* v. *New York Typographic Co.*, 44 Fed. Rep. 711. It would seem to follow that if this plaintiff, a subject of Great Britian, and presumably a resident of Canada, desires to bring suit against this defendant in the circuit courts of the United States, he must do so in the district of Michigan, of which the defendant is an inhabitant. The acts of congress do not, in our opinion, give the citizens or subjects of foreign states the right or privilege of maintaining actions against the citizens of the United States in the circuit courts in any district in which the plaintiffs may chance to find a ticket or other agent of the defendants carrying on their business. If they desire to bring suits in the federal courts of the nature of the one at bar, they must resort to the circuit court in the district of defendant's residence. These views are sustained by the following decisions: *Wilson* v. *Telegraph Co.*, 34 Fed. Rep. 561, 563, 564; *Machine Co.* v. *Walthers*, 134 U. S. 41, 43, 44, 10 Sup. Ct. Rep. 485; *Denton* v. *International Co.*, 36 Fed. Rep. 1, 3; *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65. The motion to set aside the service of summons and dismiss the complaint must be granted.

It might be suggested that there is an apparent conflict between this decision and that rendered orally by Judge NELSON in 1890, in the case of *Peterson* v. *Chicago, St. P., M. & O. Ry. Co.*,[1] in which it was held that, on account of the action of that company in accepting and taking the benefit of a special statute of the state of Minnesota, (Sp. Laws 1881, c. 219,) which authorized it to purchase, construct, and operate railroads in Minnesota, and provided that in all suits to which it was a party in the state of Minnesota it should be deemed a domestic corporation, it had subjected it to the jurisdiction of this court in a suit brought against it by an alien. It is sufficient to say that in the case at bar the question presented in the *Peterson Case* does not arise. Let an order be entered setting aside the service of the summons and dismissing the action.

NELSON, District Judge, concurring.