# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

SHERWOOD et al. v. NEWPORT NEWS & M. VAL. CO. et al.

(Circuit Court, W. D. Tennessee. April 8, 1893.)

No. 3,686.

REMOVAL OF CAUSES—ALIEN PLAINTIFFS.

Under the judiciary act of 1887, as corrected by the act of August 13, 1888, (25 St. p. 433,) a suit brought by alien plaintiffs against corporation defendants not chartered by the state in which suit is brought may be removed to the federal court by such defendants.

At Law. Action by John Sherwood & Co. against the Newport News & Mississippi Valley Company and the Chesapeake & Ohio Railroad Company, defendants. The case was removed to the federal court on application of the defendants, and was heard on "a plea in abatement of the petition for removal," according to a stipulation of the parties. Judgment for defendants.

Statement by HAMMOND, J.:

This suit was originally commenced in the circuit court of Shelby county, Tenn. By the writ the sheriff was "commanded to summon the Newport News & Mississippi Valley Company and the Chesapeake & Ohio Railway Company. corporations organized under the laws of other states, but doing business in Tennessee by officers and agents, * * * to answer John Sherwood & Co., a firm composed of John Sherwood and Richard Thompson;" and the declaration subsequently filed avers that "the plaintiffs, John Sherwood and Richard Thompson, composing the firms of John Sherwood & Co., and Sherwood, Thompson & Co., being then engaged in the business of buying, shipping, and selling cotton in bales, with offices and places of business within the city of Memphis, Tenn., Liverpool, Eng., and elsewhere, and buying largely at said Memphis for foreign shipment, on the days aforesaid made freight engagements or contracts with the defendants, who were corporations duly organized and existing under the laws of Tennessee, or other states, and with business offices and agents in Memphis, Tenn.," while the 2d, 3d, and 4th counts of this declaration describe defendants as "corporations organized and existing under the laws of other states, with business offices and agents in Memphis, Tenn."

The suit was removed to this court by the defendants, their joint petition alleging "that they are nonresidents of the state of Tennessee, and were at

and before the bringing of this suit; that they are corporations, the said Newport News & Mississippi Valley Company being chartered and doing business under the laws of the state of Connecticut, and the said Chesapeake & Ohio Railroad Company being chartered and doing business under the laws of the states of Kentucky and Virginia, and were so at the bringing of this suit; that * * * plaintiffs are citizens and residents of the state of Tennessee, and were so at the bringing of this suit." At the term to which it was removed the plaintiffs entered their "motion to remand to state court because removal to this court from the state court not authorized by law." Subsequently, "upon argument and consideration by the court, said motion was overruled,, with leave to the plaintiffs to file herein a plea in abatement, showing that they are not now, and were not at the time of the bringing of this suit, or at the time of its removal to this court, citizens of Tennessee," whereupon they filed a plea "in abatement of the petition for removal upon which this cause purports to have been removed from the circuit court of Shelby county, Tenn., to this court, and thereupon they say that it is not true, as stated in said petition, that said plaintiffs are, or ever were, citizens and residents of the state of Tennessee; but on the contrary they aver that at the time this suit was originally brought, and long before, and ever since, they are and were aliens and citizens and residents of Liverpool, Eng., and subjects of her majesty, the queen of Great Britain," etc., which plea is sworn to. In support thereof, and filed with the plea, is the affidavit of one John M. Richardson, of this city, as follows: "I am and have been the representative of the firms of John Sherwood & Co., of Memphis, Tenn., and Sherwood, Thompson & Co., of Liverpool, Eng., in their business at this point, for about four years last past. I am personally cognizant of the fact that the members of said firms are nonresidents of the state of Tennessee, and are, and have been since my connection with said firms, citizens and residents of England." And the parties have filed a stipulation that the case "may now be tried on the merits contained in the plea in abatement of the defendants' petition for removal; that the said issue may be tried by the court without the intervention of a jury, and that upon said trial the affidavit of J. M. Richardson, now filed herein, shall be taken and considered as his deposition, the same being the only testimony presented by either party; and that if, upon the facts found, the court is of the opinion that, under the law, said cause shall be retained, it shall so adjudge, and if it is of the opinion, under the law, that said cause shall be remanded to the state court, it shall so adjudge."

H. C. Warimer, for plaintiffs.

Holmes Cummins and Turly & Wright, for defendants.

HAMMOND, J., (after stating the facts.) The issue of fact raised in the foregoing record by the plea in abatement is of simple solution, under the agreement, and the court has no hesitation whatever in finding that the plaintiffs, John Sherwood and Richard Thompson, are not now, and were not at the bringing of this suit, and at the time of its removal to this court, citizens of the state of Tennessee, but alien subjects of the queen of Great Britain, etc., resident in England. But defendants contend that the allegations of the plea itself show just as conclusively that the suit was removable to this court as do the averments of their petition for removal, because, they say, the federal court has jurisdiction of a suit brought to it by removal from a state court equally when "there shall be a controversy between citizens of different states" as where there is "a controversy between citizens of a state and foreign states, citizens, or subjects," under the late judiciary act of 1887. By the agreement of the parties here "if upon the facts found the court is of opinion" that the case is removable, it is to be retained as though

such facts were set out in the petition for removal, and no question is made as to an amendment of the petition so as to show the true facts. The question, therefore, is presented, whether a suit brought in the state court by alien plaintiffs against corporation defendants not chartered by the state in which the suit is brought can be removed to the federal court by such defendants; there being proper allegations as to the jurisdictional amount in controversy. The first section of our last judiciary act gives the United States circuit courts "original cognizance" of the following causes: (1) Those arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority; (2) or in which controversy the United States are plaintiffs or petitioners; (3) or in which there shall be a controversy between citizens of different states; (4) or a controversy between citizens of the same state claiming lands under grants of different states; (5) or a controversy between citizens of a state and foreign states, citizens, or subjects. And it further provides that "no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant; but, when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Section 1, Act March 3, 1887, as corrected by Act Aug. 13, 1888, (24 St. at Large, p. 552; 25 St. at Large, p. 433; 1 Supp. Rev. St. p. 611.) Section 2 of this act, so amended, provides—First, for the removal to the federal court, from the state court, of suits "arising under the constitution or laws of the United States, or treaties made, * * * of which the circuit courts of the United States are given original jurisdiction by the preceding section, * * * by the defendant or defendants therein;" and, second, that "any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state." Id. Section 1, above quoted, prescribes for the circuit courts their jurisdiction by "original cognizance" of suits, providing certain limitations as to parties to actions brought "by any original process or proceeding;" and, had this cause been originally commenced here, the court, probably, would have had jurisdiction of it, although not brought "in the district of the residence of either the plaintiff or the defendant," because this limitation is, by the very terms of the statute, strictly confined to such actions as are only "between citizens of different states," viz. the third class in the subdivision of section 1, supra. But, at all events, it does not apply in terms, nor do I think at all, by any proper construction, to controversies of the fifth class of said subdivision, viz. those "between citizens of a state and foreign states, citizens, or subjects." And although it is held by the supreme court that, under this statute, an action originally

brought in the United States circuit court for the western district of Texas by a citizen of that state, residing in its eastern district, against a Kentucky corporation doing business in the district where suit was commenced, could not be maintained where defendant challenged the jurisdiction of the court, (Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. Rep. 44,) nor a suit so brought in the federal court of New York by a citizen of Massachusetts against a Michigan corporation, "having a usual place of business" in the district where the suit was instituted, (Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935,) nor a suit originally brought in the United States court of Missouri by partners, one of whom was a citizen of that state, and the other a citizen of Arkansas, against an individual defendant who was a citizen and resident of the state of Texas, (Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. Rep. 303, 38 Fed. Rep. 53;) yet all these were cases of "original cognizance," under the first section, and the expressions contained in the opinions can apply only to such, and not to matters of jurisdiction acquired by removal. But section 2, supra, deals only with the jurisdiction of the federal courts over suits removed to them from the state courts, limiting the right of removal strictly to "the defendant or defendants" therein; and its second clause further confines such defendants to "nonresidents" of the state in which the suit is brought. In the case at bar every condition imposed by this statute upon the right of these defendants to remove their cause to this court seems to exist. Although plaintiffs are aliens, it must be remembered that defendants have removed the suit, and the question here is one of their right to remove under the statute. Nor do any of the questions of defendants' personal privilege of exemption from being sued here instead of in the courts of the states where they were incorporated, nor of their waiver of any such exemption, arise, because they are themselves invoking the jurisdiction of the court. Shaw v. Mining Co., supra; Southern Pac. Co. v. Denton, supra; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. Rep. 905.

In Cudahy v. McGeoch, 37 Fed. Rep. 1, Illinois plaintiffs brought suit in the state court of Wisconsin against McGeoch, "an alien residing in" that state, and other defendants who were citizens of Illinois. Service was had only upon the alien defendant who removed the suit to the federal court, and it was remanded by Judge Gresham solely because McGeoch was a resident of the state in which he was sued. The exact question here was presented in Uhle v. Burnham, 42 Fed. Rep. 1, where alien plaintiffs brought two actions in the supreme court of New York against defendants, residents of Missouri, who removed the causes to the proper federal circuit court, and Judge Lacombe denied the plaintiffs' motions to remand. In Purcell v. British, etc., Co., 42 Fed. Rep. 465, a citizen of Kansas commenced his suit in a court of that state against an English corporation having a place of business in Kansas, and defendant removed the cause to the federal court, and plaintiff's motion to remand was overruled; and such was the decision of Judge Brown in Cooley v. McArthur, 35 Fed. Rep. 372, where a citizen of

Michigan, in the state court there, sued nonresident alien defendants, who removed it to the United States court. And in Walker v. O'Neill, 38 Fed. Rep. 374, Judge Barr's opinion is really to the same effect; the motion to remand being sustained, as in Cudahy v. McGeoch, supra, because the defendant's petition for removal failed to allege that, although an alien, he was a nonresident of the state of Kentucky, where the suit was brought, and removed to the federal court.

Motions to remand were also overruled in the following cases: Kansas City, etc., Co., v. Lumber Co., 37 Fed. Rep. 3, where both plaintiff and defendant were nonresidents of the district in which the suit was originally brought and removed. First Nat. Bank v. Merchants' Bank, Id. 657, where an Alabama corporation sued in the Georgia state court a Georgia corporation. Subsequently the receiver of an Ohio corporation was made a defendant, and he removed the case to the federal court, the Georgia bank being only a nominal party. Burck v. Taylor, 39 Fed. Rep. 581, where a citizen of Texas, residing in the eastern district of the state, sued a "resident citizen of Cook county, Ill.," who removed the case. Stanbrough v. Cook, 38 Fed. Rep. 369, where a citizen of New York brought suit in an Iowa state court against citizens of Vermont and Iowa, and the case was removed by certain defendants.

In no one of these cases last cited would the federal court have had jurisdiction by "original cognizance" because not brought "in the district of the residence of either the plaintiff or the defendant," and therefore not within the express limitation of the first section of the judiciary act of 1887. Southern Pac. Co. v. Denton, supra; Shaw v. Mining Co., supra; Smith v. Lyon, supra. But the jurisdiction by removal under the second section of the act contains no such limitation, certainly as to "a controversy between citizens of a state and foreign states, citizens, or subjects," nor any other limitation that is not fully answered by the jurisdictional facts appearing in this record. With the exception of a few of the earlier cases arising under this judiciary act, such as Yuba Co. v. Mining Co., 32 Fed. Rep. 183, and Harold v. Mining Co., 33 Fed. Rep. 529, which have since been expressly overruled, there has been a substantial uniformity of judgment in the circuit courts on the question of our jurisdiction by removal; and in accordance with such current of decision, as well as upon my own independent judgment upon this question, which in different forms, has several times been presented to the court, I have no doubt that this suit is removable, nor of our jurisdiction here. Insurance Co. v. Delaware, etc., Co., 50 Fed. Rep. 243, 257; Brooks v. Dun, 51 Fed. Rep. 138; Gavin v. Vance, 33 Fed. Rep. 88. Judgment accordingly.

NOTE.

When one party to a suit in the courts of the United States is an alien, the record must show, by proven averment, that the other party is a citizen. Mossman v. Higginson, 4 Dall. 12; Piquignot v. Railroad Co., 16 How. 104. A controversy in the state court, by the state, upon a bond to keep the peace, against an alien, cannot be removed to the federal court, as the supreme court of the United States, only, has jurisdiction over a controversy between a state

and an alien. Respublica v. Cobbett, 3 Dall. 467; Bailiff v. Tipping, 2 Cranch, 406. When both parties to a suit are aliens, the courts of the United States have no jurisdiction of it, (Montalet v. Murray, 4 Cranch, 46,) though it would seem to be otherwise in admiralty, as to aliens of a friendly foreign power, as in a case of salvage (The Blaireau, 2 Cranch, 240) or collision, (The Belgenland, 114 U. S. 355, 5 Sup. Ct. Rep: 860.) An alien may sue the United States in the court of claims, when the government of his own country accords to our citizens a right to sue it, (U. S. v. O'Keefe, 11 Wall. 178; Carlisle v. U. S., 16 Wall. 147;) and a state may sue the United States in that court, (U. S. v. Louisiana, 123 U. S. 32, 8 Sup. Ct. Rep. 17;) and it has been held in Texas that an ejectment suit by the state to try title to land, brought in the state court against aliens, could be removed to the federal court which had jurisdiction, (State v. Lewis, 12 Fed. Rep. 1, 14 Fed. Rep. 65.)