## BARLOW v. CHICAGO & N. W. RY. CO.

(Circuit Court, N. D. Iowa, W. D.    November 6, 1908.)

No. 466.

1. REMOVAL OF CAUSES (§ 26*)—RIGHT OF REMOVAL—SUIT BY ALIEN AGAINST NONRESIDENT.

An action brought by a nonresident alien in a state court against a citizen of another state is removable by the defendant where the requisite amount is involved.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 60; Dec. Dig. § 26.*]

2. REMOVAL OF CAUSES (§ 89*)—REFUSAL OF STATE COURT TO ORDER REMOVAL—FILING COPY OF RECORD IN FEDERAL COURT.

Where a proper petition and bond for the removal of a cause are presented to a state court, the refusal of such court to order the removal does not require the defendant to proceed with the trial in that court, but he may at his option file a copy of the record in the federal court and require the plaintiff to there contest the question of the right of removal, and such is the better practice.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 192; Dec. Dig. § 89.*]

On Motion to Remand to State Court.

Charles A. Dickson, for the motion.
Wright, Call & Sargent and James C. Davis, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

REED, District Judge. The plaintiff, a nonresident alien, commenced this action in the district court of Iowa in and for Woodbury county to recover of the defendant railway company, an Illinois corporation, damages in excess of $2,000, for injuries to certain lands in said Woodbury county owned by the plaintiff, alleged to have been caused by the failure of defendant to construct adequate or proper bridges and culverts in its embankment and roadbed over and across said land to permit the natural flow of water courses and surface waters over the same, and thereby caused the land to be overflowed and flooded in times of high water, to plaintiff's damage in the sum alleged, for which he asks judgment against the defendant railway company. The defendant seasonably filed in the state court its petition and bond in due form, with sufficient sureties, for the removal of the cause to this court upon the ground that at the time the action was commenced the plaintiff was, and ever since has been, an alien, viz., a citizen and subject of the kingdom of Great Britain and Ireland residing in England, and the defendant a railway corporation organized and existing under the laws of Illinois and never incorporated under the laws of Iowa. The state court refused to grant the petition for removal. The defendant thereupon filed a copy of the record in this court, and asks that it take jurisdiction of the cause, and the plaintiff moves to remand upon the alleged ground that this court is without jurisdiction thereof.

It is earnestly contended in support of the motion to remand that, as neither the plaintiff nor the defendant was a citizen or resident of Iowa and of this district when the action was commenced, it could not rightly have been brought by original process in this court, and is not therefore one that is removable from the state court. It is admitted by counsel for the plaintiff that this contention is opposed to the holding of this court in Iowa Lillooet Gold Mining Co. v. Bliss et al., 144 Fed. 446; but it is urged, with much confidence apparently, that that holding is contrary to Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and for that reason should be overruled. In this contention counsel ignores the difference in the citizenship of the parties in Ex parte Wisner, and that of the parties in the Lillooet Case. In Ex parte Wisner the jurisdiction of the Circuit Court is founded alone upon the fact that the action was between citizens of different states, in which case the act of 1887-88 (Act March 3, 1887, c. 373, § 1, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]) expressly provides that "suit shall be brought by original process only in the district of the residence of either the plaintiff or the defendant"; and there is language in the opinion indicating that it was intended to hold that the place where the suit is so required to be brought is jurisdictional, and may not be waived by both parties to the suit.

In the Iowa Lillooet Case the plaintiff was a Canadian corporation having an office and place of business in Iowa, the defendant Bliss a citizen of Iowa residing in this district, and the defendant United States Fidelity & Guaranty Company a Maryland corporation doing business in Iowa. The action was brought originally in a state court of Iowa, and removed by the defendant guaranty company to this

court, upon the ground that it was a corporation of Maryland and the plaintiff a Canadian corporation, between whom there was a separable controversy to the full and complete determination of which the defendant Bliss was not a necessary, or even proper, party, and that he was fraudulently joined as defendant with the guaranty company to prevent it from removing the cause to this court. The plaintiff objected to the removal, and moved to remand, upon two grounds: (1) That there was no separable controversy between it and the guaranty company; and (2) that the action could not have been brought originally in this court, and was not therefore one that was removable from the state court. Upon the latter question it is said in the course of the opinion:

"The motion to remand challenges the jurisdiction of this court, and in support thereof it is urged that, plaintiff being a corporation of Canada, and defendant a corporation of Maryland. neither being a citizen or resident of Iowa, the action could not have been brought by original process in this court, and is not therefore one that is removable from the state court. This contention fails to distinguish between the jurisdiction or right of a court to determine a controversy, and the venue or place where that jurisdiction may be exercised. The first part of section 1 of the judiciary act of 1887–88 confers jurisdiction upon the Circuit Courts of the United States. concurrent with the courts of the several states, of all suits of a civil nature, at law or in equity, wherein the requisite amount is involved, and in which there shall be a controversy between, * * * (3) citizens of different states, and * * * (5) citizens of a state and foreign states, citizens or subjects. The second part of that section provides that no civil suit shall be brought against any person in a circuit court of the United States by original process in any other district than that whereof he is an inhabitant; but 'when the jurisdiction is founded only upon the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' This suit is not of the class there described, for plaintiff is a corporation of Canada, defendant Bliss a citizen and resident of the Northern District of Iowa, and the guaranty company a corporation of Maryland. If it is one of which this court has jurisdiction, it might therefore have been brought in this court by original process against defendant Bliss, and if the guaranty company is jointly liable with him on its bond, against that company also, especially if it did not object to being sued there, and is removable to this court if it is within the terms of the removal section."

It is clear from this excerpt from the opinion that, in determining the question thus presented, suits between citizens of different states were carefully distinguished from those between aliens and citizens. It may be conceded that in the further course of the opinion there is language which, considered apart from the facts actually presented for determination, might indicate that it was intended to apply also to suits between citizens of different states, and it is quite probable that at that time the holding in such a suit would have been the same as in one between an alien and a nonresident citizen, in view of the prior decisions of the Supreme Court, and the opinion of Mr. Justice Brewer, then Circuit Judge of this circuit, in Kansas City T. & Ry. Co. v. Interstate Lumber Co., 37 Fed. 3, and of Mr. Justice Gray in Amsinck v. Balderston, 41 Fed. 641, and many other cases in the circuit courts. But if it had been so held in a suit between citizens of different states, where the plaintiff had timely objected to the removal, it would have been error under the later holding in Ex parte Wisner,

as that case is interpreted in Re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, and Western Loan & Savings Ass'n v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. But the actual holding in the Iowa Lillooet Case must be restricted to the facts then before the court for determination; and, so restricted, it is clear that nothing so held conflicts with Ex parte Wisner, which, as interpreted in the two later cases above cited, differs from the prior decisions of the Supreme Court only in holding that under the act of 1887–88 the consent of both plaintiff and defendant is requisite to the maintenance of a suit in a circuit court of the United States in a state and district where neither resides, when brought there by original process or by removal, where the jurisdiction is founded only upon the fact that the action is between citizens of different states. But this provision of the act and Ex parte Wisner have no application to suits between aliens and citizens. In re Hohorst, 150 U. S. 653–660, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100–112, 18 Sup. Ct. 526, 42 L. Ed. 964; Campbell v. Duluth S. S. & A. Ry. Co. (C. C.) 50 Fed. 241 (Sanborn, Circuit Judge); Cucciarre v. New York Cent. & H. R. R. Co. (C. C. A., 7th Circuit) 163 Fed. 38–41; Sherwood v. Newport News Co. (C. C.) 55 Fed. 1; Stalker v. Pullman Car Co. (C. C.) 81 Fed. 889; Creagh v. Equitable Life Ass'n (C. C.) 83 Fed. 849.

The language of the act would seem to permit of no other construction, for, after providing that no civil suit shall be brought before a district or circuit court of the United States against any person by original process in any other district than that whereof he is an inhabitant, "but where the jurisdiction is founded only upon the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant," the second clause of the removal section provides that:

"Any other suit of a civil nature at law or in equity of which the Circuit Courts of the United States are given jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

As the place of bringing the suit is not jurisdictional, the removal from a state court of the suit of an alien against a nonresident citizen by the latter is within the very letter of the clause of the removal act above set out, even against the objection of the alien plaintiff when timely interposed.

If the suit had been brought originally in this court, the defendant undoubtedly might have seasonably objected that it was not suable here without its consent. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Campbell v. Duluth S. S. & A. Ry. Co. (C. C.) 50 Fed. 241, above. But having removed the cause from the state court, it has waived its right to afterwards object to the jurisdiction of this court, unless the court from which it was removed did not have jurisdiction. Cowley v. Northern Pac. Co., 159 U. S. 569–583, 16 Sup. Ct. 127, 40 L. Ed. 263; In re Moore, 209 U. S. 490, 504, 505, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, and cases cited; West-

ern Loan & Savings Ass'n v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Tootle v. Coleman, 107 Fed. 41–45, 46 C. C. A. 132, 57 L. R. A. 120.

It may be said that these cases apply to defendants only, and are inapplicable to a plaintiff who at the earliest opportunity objects to the removal and persistently insists upon his objection. A sufficient answer to this is (1) that the restrictive clause of the act as to the place where suits shall be brought between citizens of different states is not applicable to suits between aliens and citizens (In re Hohorst, 150 U. S. 653–660, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100–112, 18 Sup. Ct. 526, 42 L. Ed. 964; Campbell v. Duluth S. S. & A. Ry. Co. (C. C.) 50 Fed. 241, above); (2) that the petition and bond for removal are in the nature of process (Kinney v. Columbia Savings Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103), and by bringing the suit in the state court the plaintiff voluntarily subjects himself to the service of such process in the only manner authorized or required by the removal act, viz., by filing the petition and bond in due form, with sufficient sureties, in the state court where the action is pending within the prescribed time (section 1, Act 1887–88; In re Moore, 209 U. S. 490–504–505, 28 Sup. Ct. 585, 706, 52 L. Ed. 904).

If a petition is so filed by the nonresident defendant in a suit in a state court, and shows upon its face a controversy between the plaintiff and defendant of which a circuit court of the United States is given jurisdiction by the judiciary act, and the bond is sufficient, it is the duty of the state court to proceed no further with such suit. No order of removal is required to confer jurisdiction upon the circuit court, and no refusal to make such order will prevent the jurisdiction of that court from attaching, and all questions of the truth of the facts alleged in the petition for removal are to be determined in the circuit court. Removal Cases, 100 U. S. 457–472, 25 L. Ed. 593; Kern v. Huidekoper, 103 U. S. 485–490, 26 L. Ed. 354; Railroad Co. v. Koontz, 104 U. S. 5–14, 15, 26 L. Ed. 643.

Finally, it is urged that because the state court refused to order the removal the defendant's only recourse is to proceed with the trial in the state court, and, if the judgment is ultimately against it, take the case to the Supreme Court of the United States upon writ of error to the state Supreme Court. That it is open to the defendant to adopt that course, especially if the state court should proceed with the trial, may be conceded; but it is unnecessary to cite authorities to show that defendant is not required to do so, but may at once file a copy of the record in this court and require the plaintiff to there contest the question of removal with him; and that this is the better practice has been many times held by the Supreme Court. Removal Cases, 100 U. S. 457–472, 25 L. Ed. 593; Kern v. Huidekoper, 103 U. S. 485–490, 26 L. Ed. 354; Railroad Co. v. Koontz, 104 U. S. 5–14, 15, 26 L. Ed. 643; and B. C. R. & N. Ry. Co. v. Dunn, 122 U. S. 513–517, 7 Sup. Ct. 1262, 30 L. Ed. 1159.

The conclusion, therefore, is, that the ruling in Iowa Lillooet Gold Mining Co. v. Bliss upon the facts there involved in this branch of

that case does not conflict with anything held in Ex parte Wisner, especially as that case is interpreted in the later cases of In re Moore and Western Loan & Savings Ass'n v. Butte & Boston Mining Co., above.

The motion to remand is therefore denied.