## McAULAY et al. v. MOODY et al.

(Circuit Court, D. Oregon. February 6, 1911.)

No. 3,676.

1. COURTS (§ 273*)—FEDERAL COURTS—JURISDICTION—CITIZENS AND SUBJECTS OF FOREIGN STATE—RESIDENCE.

    While the federal courts are given jurisdiction of controversies between citizens and subjects of a foreign state and citizens of a state, a citizen or subject of a foreign state can sue citizens of the United States only in the district in which the latter reside, and, if there are several co-defendants, each defendant must be liable to be sued in the district in which the action is brought, or jurisdiction cannot be entertained.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 813; Dec. Dig. § 273.*]

2. COURTS (§ 273*)—FEDERAL COURTS—JURISDICTION—RESIDENCE.

    Defendants M., citizens of Oregon, executed their demand note to A. Bros., formerly engaged in business in Oregon as partners. The firm consisted of three brothers, two of whom, who were subjects of Great Britain, filed a bill in the federal Circuit Court for the District of Oregon, alleging that one of them owned 43⅓ per cent. of the note; that the other owned 13⅓ per cent.; that the other brother, who was a citizen

and resident of Montana, owned 43⅓ per cent.; and that, by reason of his refusal to join complainants in any action or suit thereon, complainants were unable to maintain an action at law against the defendants M. Defendant A. did not appear, and defendants M. demurred on the ground that the court was without jurisdiction because he was an indispensable party and could not be sued within the district. *Held* that, since no decree could be rendered without an adjudication of the rights of defendant A., he was an indispensable party, and, not being subject to suit in a federal court sitting in Oregon, the court could not entertain jurisdiction under Rev. St. § 737 (U. S. Comp. St. 1901, p. 587), authorizing the court in certain instances to entertain jurisdiction and proceed to trial between the parties before it, notwithstanding it cannot obtain jurisdiction of a mere formal party or one whose interests are separable from those before the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 813; Dec. Dig. § 273.*

Lack of jurisdiction of United States Circuit Courts, see note to Carnegie, Phipp & Co. v. Hulbert, 16 C. C. A. 507.]

3. PARTNERSHIP (§ 199*)—PARTNERSHIP OBLIGATION—ACTION BY PARTNERS.

Where defendants M. executed a note to a firm, consisting of several members, the makers thereby subjected themselves to a liability to the members of the firm, jointly, and hence were entitled to insist that a suit on the note by two of the members of the firm, in which the third did not join, and in which the latter's interest could not be adjudicated, was unsustainable.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 362–368; Dec. Dig. § 199.*]

Suit by Duncan McAulay and another against Z. F. Moody and others. On demurrer to bill. Sustained.

B. S. Huntington, for complainants.

Martin L. Pipes and George A. Pipes, for defendants Moody.

BEAN, District Judge. This is a suit brought by Duncan McAulay and Roderick McAulay, citizens and subjects of the Kingdom of Great Britain, against Z. F. Moody and M. A. Moody, citizens of the state of Oregon, and John McAulay, a citizen and resident of the state of Montana, to recover on a demand promissory note for $5,000, alleged to have been executed and delivered by the Moodys on October 17, 1909, to the complainants and John McAulay, as John McAulay Bros. The bill alleges: That at the time of the execution of the note the complainants and John McAulay were engaged in business in Oregon as partners under the firm name of John McAulay Bros. That no part of the note, either principal or interest, has been paid. That the complainants and the defendant John McAulay are the owners and holders thereof in the following proportions: The complainant Duncan McAulay is the owner of 43⅓ per cent. thereof, the complainant Roderick McAulay is the owner of 13⅓ per cent. thereof, and the defendant John McAulay is the owner of 43⅓ per cent. thereof. That defendant John McAulay refuses to join with complainants in any action or suit to collect such note, and for that reason complainants are and ever have been unable to commence a law action against defendants Moody for the collection thereof. That complainants are in possession of and the holders of the note, and are

willing and able and ready, upon payment of that portion thereof due them, to indorse and credit such amount thereon, and thereupon deliver the note to defendant McAulay, or, if it shall be determined that the portion thereof originally owed to him has been paid and satisfied, to deliver and surrender the note to the defendants Moody.

The relief demanded is a judgment against defendants Moody in favor of complainants for that portion of the note alleged to be due them and for attorney's fees; that defendant John McAulay be required to appear and answer the bill, and, if he can, show why complainants should not have the relief and judgment prayed for as against the Moodys; and that a writ of subpœna be issued directed to him.

John McAulay has not appeared, and defendants Moody have demurred to the bill on the ground that the court is without jurisdiction because he is an indispensable party to the suit and cannot be sued in this district.

The federal courts are given jurisdiction of controversies between citizens and subjects of a foreign state and citizens of a state, but a citizen or subject of a foreign state can sue citizens of the United States only in the district in which the latter resides. Campbell v. Duluth S. S. & A. Ry. (C. C.) 50 Fed. 241. And, if there are several codefendants, each defendant must be liable to be sued in the district in which the action is brought or jurisdiction cannot be entertained. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635. This doctrine is not seriously controverted by complainants; but they insist that under section 737, Rev. St. (U. S. Comp. St. 1901, p. 587), the court may entertain jurisdiction and proceed to trial and adjudication of the suit between the parties who are brought before it notwithstanding it cannot obtain jurisdiction of John McAulay. The section referred to is but a legislative affirmation of the rule previously established by the Supreme Court that the nonjoinder of persons who are not inhabitants of the district but are mere formal parties or even necessary parties whose interests are separable from those before the court will not prevent the court from proceeding to final trial and adjudication, as between the parties before it, when it can proceed to a decree and do complete and final justice without affecting the rights of others. Minnesota v. N. Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499. But, notwithstanding this statute and the rule, the court cannot proceed without the presence of indispensable parties. It can make no decree affecting the rights of an absent person and "can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights." Shields v. Barrow, 17 How. 140, 15 L. Ed. 158. This is not because the court may not have jurisdiction, but on the broader ground that no court can adjudicate directly upon the rights of a person without his being either actively or constructively before it, nor should it make a decree which leaves the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience.

Now, the defendant John McAulay is more than a mere nominal party to this litigation, or even a necessary party whose interest is separable from those before the court. His interest in the litigation is of such a nature that a final decree cannot be made without injuriously affecting him, and leaving the controversy in such a condition that the final result may be wholly inconsistent with equity and good conscience. The complainants seek to recover a portion of a debt alleged to be due them and John McAulay jointly, on the theory that they are the owners of a certain definite portion thereof, and that he is the owner of the remainder. They thus tender an issue which cannot be adjudicated as between themselves or for the protection of the defendants Moody without John McAulay being before the court, and which must necessarily be determined before any decree can be made. If the court should proceed to trial without the presence of John McAulay, its findings as to the respective interests of himself and the complainants would not be binding upon him, nor would it be any protection to the defendants Moody, in case he should subsequently proceed against them on the obligation.

. For this reason the demurrer is well taken and should be sustained.

But there is another reason why the court should not proceed to decree without the presence of John McAulay. The obligation of defendants Moody is single to complainants and John McAulay jointly. They have a right to stand upon their contract and insist that they shall not be harassed with different actions or suits to recover parts of one single demand. It may be that a court of equity has jurisdiction to enforce the contract at the suit of the complainants alone for the reason that one of the payees of the note refuses to join in an action at law to recover thereon; but this can only be done in a suit to which all the payees are parties, so that one decree may determine the duty of the defendants Moody to each claimant and their rights and interests be fully protected by the decree, and their obligations to all the payees discharged when the decree, if one is rendered against them, is satisfied.

The demurrer is sustained.