## ADZENOSKA et al. v. ERIE R. CO.

(District Court, M. D. Pennsylvania. February 6, 1914.)

### No. 535.

COURTS (§ 274*)—UNITED STATES COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

Under Judiciary Act March 3, 1911, c. 231, § 51, 36 Stat. 1087 (U. S. Comp. St. Supp. 1911, p. 150), providing that, except as provided in the following sections, no civil suit shall be brought in any district against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but that, where the jurisdiction is founded on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, aliens cannot sue a New York corporation in one of the districts of Pennsylvania though such corporation is carrying on its railroad business in Pennsylvania, since a corporation's domicile, habitat, and citizenship is in the state by which it was incorporated, and an alien is assumed not to reside in any state, and must therefore resort to the domicile of the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

Action by Joseph Adzenoska and another against the Erie Railroad Company. On rule to show cause why the suit should not be dismissed. Rule to dismiss made absolute.

C. B. Little, of Scranton, Pa., for plaintiffs.
Warren, Knapp, O'Malley & Hill, of Scranton, Pa., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WITMER, District Judge. Plaintiffs' right to sue the defendant within this 'jurisdiction is challenged on rule to dismiss. Plaintiffs are aliens and subjects of the Czar of Russia. The defendant, the Erie Railroad Company, is a corporation of the state of New York. Though defendant, through its agents, is carrying on its business in Pennsylvania and elsewhere, it is well settled that its domicile, habitat, and citizenship is in the state by which it was incorporated. The matter presented raises the question whether alien plaintiffs may maintain their action in a jurisdiction other than the residence or habitat of the defendant.

The jurisdiction of the United States District court is fixed by the Judiciary Act of March 3, 1911, c. 231, § 51, U. S. Stat. at Large, vol. 36, p. 1087 (U. S. Comp. St. Supp. 1911, p. 150); Federal Statutes Annotated, Supplement 1912, vol. 1, p. 153, wherein it is provided:

"Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is evident from the language employed that a person, whether he be natural person or a corporation, can be sued only in the court of the district whereof he is an inhabitant, unless the sole ground of jurisdiction is founded on diversity of citizenship of states, in which event the plaintiff may elect to bring his action either in his own district or that of the defendant. The last clause is by way of proviso to the next preceding clause, which restricts the jurisdiction to the defendant's resident district, and it (the proviso) extends the right of the plaintiff to sue under certain circumstances in the district of his own residence when both of the parties plaintiff and defendant are citizens of different states. The purpose of this proviso is to afford the plaintiff the same advantage of litigation in his own district that the defendant has, if he can there obtain service of process. An alien, however, is assumed not to reside in any of the states, hence not within the proviso, and must therefore resort to the domicile of the defendant, as generally provided.

The case, In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, cited by plaintiffs' counsel as bearing upon the point at issue, merely holds that, under the proviso of the Act of Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 308), 4 Fed. Stat. Anno. 265, 386, very similar to section 5, cited, a citizen of a state might sue an alien or foreign corporation in any district where service could be obtained.

By distinguishing this case in Galveston, etc., Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, Mr. Justice Brown said:

"In the Hohorst Case it was held that the clause in question, that no civil suit should be brought against any person in any other district than that whereof he was an inhabitant, was manifestly inapplicable to a suit brought

by a citizen of one of the United States against an alien, and that the words of the provision evidently looked to those persons, and those persons only, who were inhabitants of some district within the United States," and "to prevent a manifest failure of justice, in the inability to sue any foreign corporation whatever, it was held that, where an alien corporation was defendant, it might be sued in any district wherein it might be found."

In further commending he said:

"It was not meant or intimated * * * that the clause in question had no application to cases where an alien was plaintiff, but only where he was defendant."

Inasmuch as the plaintiffs are not citizens of any of the states, the defendant may only be sued in the District Court of its residence, as was also held in McAulay v. Moody (C. C.) 185 Fed. 144, citing to the effect Campbell v. Duluth, etc., Ry. Co. (C. C.) 50 Fed. 241.

The rule to dismiss is therefore made absolute, and an exception is noted for the plaintiffs.