**ALD-224**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1761
_____

PHILLIP TARVER,
                                    Appellant

v.

KEISHA FISHER, ADMIN.;
SOUTH WOODS STATE PRISON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-00012)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

August 18, 2022

Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: October 17, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Phillip Tarver, proceeding pro se, appeals the District Court's order dismissing his complaint for failure to state a claim. We will affirm.

Tarver is incarcerated at South Woods State Prison in New Jersey. In January 2022, he filed a form complaint in the District of New Jersey, checking a box that asserted that court's jurisdiction pursuant to the federal civil-rights statute, 42 U.S.C. § 1983. He claimed that he is "being held in violation of an erroneous sentence that has already been adjudicated in [his] favor by a state court vacating [his] convictions." Compl. 4, ¶ 4(b). He styled his filing as a motion under Federal Rule of Civil Procedure 60(b), asserting that he sought to correct a "mistake" made by the state trial court in adjudicating his post-conviction relief petition, and asked the District Court to vacate his convictions. Id. at 6.

The District Court screened and dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court explained that motions under Rule 60(b) should generally be raised in the court that issued the purportedly mistaken decision. See Dist. Ct. Op. 3 (citing Budget Blinds, Inc. v. White, 536 F.3d 244, 254 (3d Cir. 2008)). The opinion also explained that Tarver's challenge to his convictions cannot be raised under the guise of § 1983, but must be brought according to the rules established for "a person in custody pursuant to the judgment of a State

2

court." Id. at 4 (quoting 28 U.S.C. § 2254). Accordingly, the District Court found that Tarver's complaint failed to state a claim for relief. Tarver now appeals that decision.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissal pursuant to § 1915(e)(2)(B)(ii) under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Tarver's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We agree with the District Court that Tarver failed to state a claim for relief. To the extent that he invoked Rule 60(b) to correct a "mistake," that procedural rule is not an appropriate mechanism for a federal court to review a state-court decision. To the extent that he sought to employ § 1983 to invalidate his convictions and secure his release, as the District Court here fully explained, the proper manner of lodging a challenge in federal court to his continued confinement is via habeas corpus, according to the procedures established under § 2254 and related statutes.[1] See Preiser v. Rodriguez, 411

---

[1] Like the District Court, we express no opinion on the merits or timeliness of any future petition Tarver may file under § 2254.

U.S. 475, 500 (1973).  Thus, this appeal presents no substantial question, and we will summarily affirm the judgment of the District Court.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.