# WESTERN LOAN AND SAVINGS COMPANY *v.* BUTTE AND BOSTON CONSOLIDATED MINING COMPANY.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

**No. 351. Submitted April 20, 1908.—Decided June 1, 1908.**

Where diversity of citizenship exists so that the suit is cognizable in some Circuit Court the objection to the jurisdiction of the particular court in which the suit is brought may be waived by appearing and pleading to the merits. *In re Moore*, 209 U. S. 490, overruling anything to the contrary in *Ex parte Wisner*, 203 U. S. 449.

In a State where objection that the court has not jurisdiction of the person must—as in Montana under code § 1820—be taken by special appearance and motion aimed at the jurisdiction, the interposition by defendant of a demurrer going to the merits as well as to the jurisdiction amounts to a waiver of the objection that the particular Circuit Court in which he is sued is without jurisdiction.

While, under § 914, Rev. Stat., practice in civil causes other than those in equity or admiralty in United States courts must conform to the state practice, where the jurisdiction of the Federal courts is involved this court alone is the ultimate arbiter of questions arising in regard thereto.

THE facts are stated in the opinion.

*Mr. John A. Shelton* for plaintiff in error.

*Mr. C. F. Kelley, Mr. John F. Forbis* and *Mr. L. O. Evans* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error brought this action at law against the defendant in error in the Circuit Court for the District of Montana. Jurisdiction was based solely on the diversity of citizenship of the parties. The plaintiff was a citizen of Utah and the defendant a citizen of New York. The judge of the Circuit Court dismissed the action for want of jurisdiction, and whether

that decision was correct is the single question brought directly here by writ of error. The Circuit Court for the District of Montana was without jurisdiction of the action, because neither of the parties to it was a resident of that district, and the statute (25 Stat. 433) requires that where the jurisdiction is founded on the fact that the parties are citizens of different States, suit shall be brought only in the district where one of them resides. But we have recently held that where diversity of citizenship exists, as it does here, so that the suit is cognizable in some Circuit Court, the objection that there is not jurisdiction in a particular district may be waived by appearing and pleading to the merits. *In re Moore,* 209 U. S. 490. Anything to the contrary said in *Ex parte Wisner,* 203 U. S. 449, was overruled. The question here, therefore, is narrowed to the inquiry, whether the defendant waived the objection to the jurisdiction.

While the conformity act, Rev. Stat. § 914, provides that the practice, pleadings, forms and modes of proceeding in civil causes, other than those in equity and admiralty, in the Circuit and District Courts of the United States, shall conform, as near as may be, to the practice, pleadings and forms, and modes of proceedings existing at the time in like causes in courts of record of the State wherein such United States courts are held, nevertheless, in cases like the one under consideration, involving the jurisdiction of the Federal courts, the ultimate determination of such question is for this court alone. This doctrine finds illustration in the case of *Mexican Central Railway Co.* v. *Pinkney,* 149 U. S. 194, in which the subject is discussed by Mr. Justice Jackson, delivering the opinion of the court. In that case it was held that the Texas statute, which had been upheld by the courts of the State, giving to a special appearance, made solely to challenge the court's jurisdiction, the effect of a general appearance, was not binding upon the Federal courts sitting in the State, notwithstanding the provisions of § 914 of the Revised Statutes of the United States.

In the case at bar, defendant filed its demurrer to the com-

plaint alleging: 1st, that the court has no jurisdiction of the subject of the action; 2d, that the court has no jurisdiction of the person of the defendant; 3d, that said complaint does not state facts sufficient to constitute a cause of action against this defendant; 4th, that the complaint is uncertain; 5th, that the complaint is unintelligible.

The learned judge on the seventh of November, 1903, overruled the demurrer as to the first, second and third grounds of the complaint, but sustained it upon the fourth and fifth grounds, in that the complaint was uncertain and unintelligible. Thereupon the plaintiff filed an amended complaint; the defendant repeated the same grounds of demurrer, and the same was submitted to the court on the first and second grounds, those covering jurisdiction over the subject-matter of the action and jurisdiction over the person of the defendant, respectively, and on the twenty-sixth of October, 1906, Judge Hunt, holding the Circuit Court for the District of Montana, in a well considered opinion held that inasmuch as the demurrer was interposed upon jurisdictional and other grounds, and was not confined to jurisdiction over the person alone, but reached the merits of the action, the case being one within the general jurisdiction of the court, although instituted in the wrong district, the defendant had waived its personal privilege not to be sued in the Montana district and had submitted to the jurisdiction. In support of his view Judge Hunt cited *Interior Construction & Improvement Company* v. *Gibney*, 160 U. S. 217; *In re Keasbey & Mattison Company*, 160 U. S. 221; *Ex parte Schollenberger*, 96 U. S. 369; *Central Trust Company* v. *McGeorge*, 151 U. S. 129; *St. Louis &c. R. R. Co.* v. *McBride*, 141 U. S. 127; *Lowry* v. *Tile*, 98 Fed. Rep. 817; *Texas & Pacific Railway* v. *Saunders*, 151 U. S. 105. Thereafter, before any further steps were taken in the case, the learned judge changed his ruling on the question of jurisdiction, and filed the following brief memorandum opinion:

"As neither party to this action was, at the time of the institution thereof, a citizen or resident of the State of Montana,

upon the authority of *Ex parte Abram C. Wisner*, decided by
the Supreme Court December 10, 1906, and followed by the
Court of Appeals of this circuit in *Yellow Aster Mining Com-
pany and Southern Pacific Company* v. *R. M. Burch*, decided
February 11, 1907, I must reverse the ruling heretofore made
by me upon the demurrer, and dismiss the case for lack of juris-
diction.

"So ordered."

Let us see, then, whether the defendant had submitted to
the jurisdiction of the Circuit Court. It had appeared and filed
its demurrer to the original complaint, invoking the judgment
of the court, as hereinbefore stated, and the court had ruled
against it on the question of jurisdiction, and upon the merits
of the cause of action, only sustaining the demurrer as to the
form of the allegations in the complaint. It invoked and ob-
tained a ruling on the merits so far as the legal sufficiency of
the cause of action is concerned. Then the amended complaint
was filed. The court sustained its jurisdiction upon hearing
the demurrer, which ruling is subsequently changed on the
authority of *Ex parte Wisner*, which is now overruled in *In re
Moore*, in so far as it was said in the *Wisner case* that a waiver
could not give jurisdiction over a person sued in the wrong
district, where diversity of citizenship existed.

So far from being obliged to raise the objection to the juris-
diction over its person by demurrer, as is contended by defend-
ant in error, it was at liberty to follow the practice pursued in
the code States under sections similar to § 1820 of the Montana
code, making a special appearance by motion aimed at the
jurisdiction of the court over its person, or to quash the service
of process undertaken to be made upon it in the district wherein
it was not personally liable to suit under the act of Congress.
This course was open to the defendant in the United States
Circuit Court, as is shown by the case of *Shaw* v. *Quincy Mining
Co.*, 145 U. S. 444, a suit in a district in the State of New York.
In that case the parties were a citizen of Massachusetts and a
corporation of Michigan, being citizens of States other than

New York. A motion was made entering a special appearance for the purpose of setting aside the service. This manner of raising the question, it was held, did not amount to a waiver of the objection to jurisdiction. The same course was pursued with the approval of this court in *In re Keasbey & Mattison Co., Petitioners,* 160 U. S. 221.

In *St. Louis & San Francisco R. R. Co.* v. *McBride,* 141 U. S. 127, the case, like the present one, arose in a code State. Suit was brought in the Circuit Court of the United States for the Western District of Arkansas. The Arkansas code in respect to grounds of demurrer is identical with the Montana code. Kirby's Digest of the Statutes of Arkansas, 1904, p. 1285. Following the Arkansas code, as the defendant in this case follows the Montana code, the defendant filed a demurrer in language identical upon these points with the demurrer in this case. The demurrer reads: "1st. Because the court has no jurisdiction of the person of the defendant. 2d. Because the court has no jurisdiction of the subject-matter of the action. 3d. Because the complaint does not state facts sufficient to constitute a cause of action."

Of the effect of this demurrer Mr. Justice Brewer, delivering the opinion of the court, said:

"Its demurrer, as appears, we~ based on three grounds: Two referring to the question of jurisdiction and the third that the complaint did not state facts sufficient to constitute a cause of action. There was, therefore, in the first instance, a general appearance to the merits. If the case was one of which the court could take jurisdiction, such an appearance waives not only all defects in the service, but all special privileges of the defendant in respect to the particular court in which the action is brought."

This case presents the same question. We are of opinion that the defendant had waived objection to jurisdiction over its person, and by filing the demurrer on the grounds stated submitted to the jurisdiction of the Circuit Court.

*Judgment reversed.*