## ST. JOHN v. UNITED STATES FIDELITY & GUARANTY CO.

(District Court, D. Maryland. April 15, 1914.)

1. REMOVAL OF CAUSES (§ 14*)—ACTION BY NONRESIDENT—REMOVAL—OBJECTIONS.

Where a citizen of Wyoming brought suit in a Montana state court against a Maryland corporation, he could object to defendant's removal of the cause to the federal court sitting in Montana, on the ground that neither plaintiff nor defendant resided in Montana.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 35; Dec. Dig. § 14.*]

2. REMOVAL OF CAUSES (§ 14*)—DISTRICT TO WHICH CAUSE MAY BE REMOVED—RESIDENCE OF PARTIES—"PROPER DISTRICT."

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]) § 28, provides for the removal of causes from state to federal courts, declaring that they may be removed to the United States District Court "for the proper district," which, when federal jurisdiction depends solely on diversity of citizenship, is the district of the residence of the plaintiff or of the defendant. Section 29 declares that when a party is entitled to remove, he may make and file a petition for removal of the cause to the district court to be held "in the district where such suit is pending." *Held,* that where a citizen of Wyoming sued a Maryland corporation in a Montana state court, and defendant could not re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

move the cause to the federal court sitting in Montana because neither plaintiff nor defendant was a resident of that state, it was not entitled to remove the cause to the federal court sitting in Maryland; that not being the district where the suit was pending within section 29.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 35; Dec. Dig. § 14.*]

At Law. Action by C. C. St. John against the United States Fidelity & Guaranty Company. On petition to remove the cause from the district court of the Thirteenth judicial district of the state of Montana to the United States District Court for the District of Maryland. Denied.

R. E. Lee Marshall, of Baltimore, Md., for defendant.

ROSE, District Judge. This suit was brought in the district court of the Thirteenth judicial district of the state of Montana in and for the county of Rosebud. Defendant seeks to remove it to the United States District Court for the District of Maryland. The plaintiff is a citizen of Wyoming; the defendant a Maryland corporation. At first the defendant supposed that the plaintiff was a citizen of Montana. It accordingly had the case removed to the United States District Court for that district. Plaintiff moved to remand on the ground that he was a citizen of Wyoming. The fact having been established, the motion was granted. The defendant then asked the state court to send the case here. The petition was denied. The defendant caused a transcript of the record to be filed in this court.

Its argument in support of its right to remove may be briefly summarized: The parties to this suit are citizens of different states. The amount in controversy is upwards of $3,000, exclusive of interest and costs. Section 28 of the Judicial Code authorizes the removal of such a suit from the state to the federal courts. It provides that such removal shall be from the state court to the United States District Court "for the proper district." Where the jurisdiction of the United States Court depends solely upon diversity of citizenship, the only proper districts are the districts of the residence of the plaintiff or of the defendant. In this case the district of Montana is not the residence of either plaintiff or defendant. Consequently the case cannot be removed to the United States District Court of that district. The proper districts are the districts of Wyoming and Maryland. The defendant has the right to demand that the case be removed to that one of them which it may prefer. It has selected the district of Maryland, and has taken the other necessary steps required by the statute to perfect the removal.

[1] Put a little more succinctly, defendant says that section 28 gives it the right to remove the case. If it cannot remove it to the district of Maryland it cannot remove it at all. The latter proposition may be conceded. The plaintiff, residing in Wyoming, had the right to object to the removal of its case against a Maryland corporation from a state court in Montana to a District Court of the United States of the last-named state. Western Loan Co. v. Butte & Boston Min.

Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. The plaintiff could have sued the defendant in the United States District Court for the District of Maryland. In that sense the latter district is a proper district for the institution of such a suit.

[2] Defendant's contention as thus summarized ignores the provisions of section 29 of the Judicial Code. That section tells how the right to remove, given by section 28, may be exercised. It says:

"Whenever any party entitled to remove any suit mentioned in the last preceding section * * * may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition * * * for the removal of such suit into the District Court to be held *in the district where such suit is pending,* and shall make and file therewith a bond with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit."

That is, he may ask to remove the case to the District Court of the district in which the state court is situated, and must give bond to file the record in that court.

The language that the removal may be made to the federal court of the proper district does not make its appearance for the first time in the Judicial Code. In the original Judiciary Act (Act Sept. 24, 1789, c. 20), section 12 (1 Stat. 79) defined not only the cases which were removable, but specified the procedure by which such removal could be had.

The removal could not be made otherwise than to the Circuit Court of the United States to be held in the district where the suit was pending. Section 639 of the Revised Statutes, as originally enacted in 1873, somewhat recast the phraseology of section 12 of the Judiciary Act, and incorporated certain provisions of later acts. It said:

"Any suit commenced in any state court, wherein, * * * may be removed, for trial, into the Circuit Court, for the *district where such suit is pending.*"

Other paragraphs of the section deal with the procedure by which such removal is to be effected.

The act of March 3, 1875 (18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 508]), adopted the plan, which has since been preserved, of defining in one section removable cases and of providing in other sections for the removal procedure. By section 2 of this act it was provided that any suit, etc., may be removed by either party into the "Circuit Court of the United States for the proper district." Section 3 of the act tells how the removal may be made. It provides that the party who wishes to avail himself of the privilege shall file a petition in the state court "for the removal of such suit into the Circuit Court *to be held in the district where such suit is pending.*"

The defendant's contention in this case rests solely upon the assumption that the substitution of the phrase "proper district" for the phrase "district in which such suit is pending," in the section which defines removal of cases, means that Congress intended to include within the districts to which such removal could be had other districts than those in which the suit was pending whenever, because of

the residence of the parties, a suit otherwise removable could not be removed against the objection of either party to the federal court of the local district. If so, Congress in drafting the third section forgot what it had intended to do by the second. In this respect chapter 373 of the act approved March 3, 1887 (24 Stat. 552), and the act of August 13, 1888, chapter 866 (25 Stat. 434 [U. S. Comp. St. 1901, p. 510]), left the law unchanged. Nor does the Judicial Code in any wise alter it.

For 40 years, therefore, persons in like case with the defendant now before the court have had the right which it seeks to exercise. Those who have sought to remove their cases have often been persons or corporations who could command and did command the services of the ablest and most astute counsel. So far as the books disclose, this particular defendant is the first who has ever supposed that the statute gave it the right to remove a case from a state court into a court of the United States for any other district than that in which the state court suit was pending.

The burden of proof rests on one who alleges that Congress intended that a defendant, liable to summons in Montana and there sued, should have the right to remove its case for trial in Maryland. The lawmakers cannot lightly be supposed to have had any such intention. It is, however, unnecessary to further discuss the subject. Indeed it might have been as well to have cited the plain language of section 29 and there rested.

There has been no appearance for the plaintiff in this court. Doubtless it assumed that none was necessary. The absence of jurisdiction here was sufficiently apparent on the face of the record. The counsel who for the defendant in Montana instituted these removal proceedings has not followed the case across the continent. It has here been represented with distinguished ability and industry. No authority in support of its contention has been brought to the attention of the court. Counsel frankly concedes that he can find none.

This court is without jurisdiction, and the case must be remanded to the state court in Montana from whence it came.