## PARK SQUARE AUTOMOBILE STATION v. AMERICAN LOCOMOTIVE CO.

(District Court, N. D. New York.    March 30, 1915.)

REMOVAL OF CAUSES ☞14—SUIT BROUGHT IN STATE WHERE NEITHER PARTY RESIDES—"PROPER DISTRICT."

Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (Comp. St. 1913, § 1033), provides that civil suits in District Courts of the United States, where jurisdiction is founded only on the fact that the action is between citizens of different states, "shall be brought only in the district of the residence of either the plaintiff or the defendant." Under section 28 (Comp. St. 1913, § 1010), which provides for the removal from state courts of suits of which the federal courts are given original jurisdiction, any such suit between citizens of different states may be removed by the defendant, being a nonresident of the state where the action is brought, into the District Court of the United States "for the proper district." Section 29 (Comp. St. 1913, § 1011), relating to removal procedure, provides that a party entitled to remove may file a petition for the removal of the cause "into the District Court to be held in the district where such suit is pending." *Held*, that a plaintiff, by bringing suit in a state court of a state in which neither the plaintiff nor the defendant resides, cannot deprive the defendant of the statutory right of removal given him by section 28, and that, as the District Court for such district would be with-

out jurisdiction in that case, section 29 is inapplicable, and the "proper district" into which the cause is removable is the district of defendant's residence.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 35; Dec. Dig. ☜14.

For other definitions, see Words and Phrases, Second Series, Proper District.]

At Law. Action by the Park Square Automobile Station against the American Locomotive Company. On motion by plaintiff to remand to the superior court of the state of New Hampshire, and motion by defendant to make a late entry in this court. Defendant's motion granted. Motion to remand denied.

Sawyer, Hardy, Stone & Morrison, of Boston, Mass., and Albert Terrien, of Nashua, N. H., for plaintiff.

Daniel Naylon, Jr., of Schenectady, N. Y., Storey, Thorndike, Palmer & Dodge, of Boston, Mass., and Taggart, Burroughs, Wyman & McLane, of Manchester, N. H., for defendant.

RAY, District Judge. So far as the motion by defendant for late entry is concerned, the motion is granted, as I deem it in the interest of justice. The errors and mistakes sought to be corrected grew out of misapprehension and errors as to the true residence, etc., of the defendant. In fact, no serious opposition is made to the granting of the application.

The motion to remand presents a serious and more difficult question, arising from what appear to be conflicting provisions of the Judicial Code of the United States, more particularly those relating to the bringing of actions in the District Court of the United States and the removal of causes thereto from the state courts.

The jurisdiction of the District Courts of the United States over suits brought therein or removed thereto from the state courts is purely statutory. This jurisdiction is defined, and the Judicial Code prescribes what actions at law brought in the state courts may be removed to the District Courts of the United States. The Judicial Code referred to also prescribes a mode or method of procedure for such removal, or for removal in certain cases. An action at law, where the amount in controversy, exclusive of interest and costs, exceeds $3,000, and the parties thereto are residents of different states, may be brought in the United States District Court of the district in which either the plaintiff or the defendant resides. There are local causes of action and transitory causes of action, and an action of the latter class may be brought by a plaintiff in the District Court of the United States in any district where the defendant is found, provided the plaintiff resides there, or in the District Court of the district where the defendant resides; that is, the plaintiff may go from the state and district of his own residence into the district where the defendant resides in another state, and there bring his action in the United States District Court, provided the required amount is in controversy. The question involved in this case relates to the District Court of the

United States to which causes may or must be removed, if removed at all, and to the question whether a citizen of state A, by suing a citizen of state B in the state court of state C, may prevent removal, or, if not, compel removal to the United States District Court of state C, if removed.

The plaintiff, Park Square Automobile Station, a corporation of the state of Maine, commenced this action in the superior court for Hillsborough county, in the state of New Hampshire, against the American Locomotive Company, defendant, a corporation of the state of New York, where it has its principal offices and place of business, and within the four days within which by rule 10 of the said superior court the defendant was required to file a plea in abatement, if any, the defendant filed its petition to remove the cause from said superior court to the United States District Court of the United States for the Southern District of New York. The attorneys for the defendant then supposed that the defendant had its residence or principal place of business in said Southern district of the state of New York and acted on that assumption. The required bond was given and application was made to the said superior court on the required papers for an order removing the cause. The superior court aforesaid declined to grant the order or surrender jurisdiction. The defendant, it is said, had two remedies, one of which was to appeal from the superior court to the Supreme Court of the state for review of the order denying removal, and the other was to go to trial and raise the question on appeal from any judgment that might be rendered against it. The superior court of the state of New Hampshire declined to proceed with the cause until the question of removability should first be settled by the Supreme Court of the state. Later, the defendant's attorney having learned that the residence and principal office and place of business of the defendant was in the Northern district of New York, and not the Southern district, the defendant moved on petition to amend its former petition, so as to remove the said suit from the superior court of Hillsborough county, state of New Hampshire, to the District Court of the United States for the Northern District of New York, where in fact its residence and principal place of business are.

This petition the state court of New Hampshire allowed, in so far as it had the right so to do, so stating, as of the time when the original petition was filed, but at the same time declined to surrender jurisdiction of the case. The plaintiff thereupon moves to remand the cause to the superior court, assuming that it has been removed to the Northern district of New York, on the ground mainly that the suit could not be removed from the superior court of the state of New Hampshire to the United States District Court for the Northern District of New York, even though that district in the state of New York was the home residence and principal place of business of the defendant corporation.

By chapter 2, § 24, of the Judicial Code (Judiciary Act March 3, 1911, c. 231 [Comp. St. 1913, § 991]), Congress has prescribed the original jurisdiction of the District Courts of the United States as

including, first, (a) all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue; (b) all suits between citizens of the same state claiming lands under grants from different states; and (c) all suits where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 *and* (first) arising under the Constitution or laws of the United States, or treaties made, or which shall be made under their authority; or (second) is between citizens of different states. The suit now in hand is an action at law and was brought by a corporation of the state of Maine against a corporation of the state of New York, and the sum or value in controversy is, exclusive of interest and costs, largely in excess of the sum or value of $3,000, and such suit is therefore one of which the United States District Court of some district had and has original jurisdiction. The suit must have been brought by the plaintiff against the defendant in the United States District Court of the residence of the defendant, or plaintiff, if brought in the United States court, as we shall see, and is a removable cause, as we shall see, having been brought in the superior court of one of the counties of the state of New Hampshire.

### Where Suit Might Have Been Brought.

By section 51 of such Judicial Code of the United States it is provided:

" * * * And except as provided in the six succeeding sections, *no civil suit* shall be brought in any District Court against any person by any *original* process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought *only* in the district of the residence of either the plaintiff or the defendant."

By section 52 of said Judicial Code (Comp. St. 1913, § 1034) it is provided that where a state contains more than one district, and there is but a single defendant (and such is this case), the suit, if *not* of a local nature (this case), must be brought in the district wherein such defendant resides.

It follows that, if this suit had been originally brought in the District Court of the United States, it must have been brought in the District Court of the Northern District of New York, as that is the district in which the defendant then resided and now resides, was incorporated, and had its principal office and place of business, and such suit is not of a local nature. The Northern district of New York would have been *"the proper district"* in which to bring the action. Whether or not that is *"the proper district"* to which removal from the state court is to be made, or may be made, is the question.

### To What District Removable.

Chapter 3, §§ 28 to 39, inclusive, of the said Judicial Code (Comp. St. 1913, §§ 1010–1021), deals with the removal of causes from the state courts to the District Courts of the United States, and certain of these sections prescribe what causes may be removed, and others deal

with procedure in case removal is sought.   Section 28 of the Judicial Code provides as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district. And where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the District Court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said District Court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause. * * * Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the District Court so remanding such cause shall be allowed: Provided, that no case arising under an act entitled 'An act relating to the liability' of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

By this section (section 28) the right of removal of a cause to "the District Court of the United States for *the proper district* by the defendant or defendants therein, being nonresidents of that state," is made absolute. The word "therein" refers to the defendants in the suit, not to the defendants residing or being in the state. It seems evident that it was the intention of Congress to enable a nonresident defendant, sued in a state court by a resident of that or any other state, to remove the cause to the United States District Court of some district, provided the diversity of citizenship and necessary amount in controversy is present.

By section 29, relating to procedure in removable causes, it is provided:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district

where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also, for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

It is contended and urged that the words, "he may make and file a petition * * * for the removal of such suit into the District Court to be held in the district *where such suit is pending,*" not only limits and restricts the right of removal to the United States District Court of the particular state in the courts of which the suit is pending, but to the particular United States District Court of that state held in or including the district of the state within which the suit in the state court was brought and is pending, and that this section 29, relating to the procedure in removing causes from the state court into the United States court, also defines and specifies "the District Court of the United States *for the proper district,*" as those words are used in section 28, as being the District Court of the United States to be held in the district within which the suit was pending in the state court, regardless of the actual residence and domicile of the parties to the suit, or of either of them, and regardless of the District Court of the United States in which suit must have been brought if it had been originally brought in the United States District Court; that is, that the "District Court of the United States for the proper district," so far as bringing the action is concerned if brought in the United States District Court originally, is one thing, and quite different from the "District Court of the United States for the proper district," when removal from the state court to the United States District Court is concerned or in question. If the "District Court of the United States for the proper district" to which a cause brought in the state court may be removed is the United States District Court of the district in the state where the suit is actually brought, regardless of the District Court of the United States in which, under the statute, the suit ought to have been brought, and must have been brought if originally commenced in the United States District Court, then, under the statutes to which attention has been called, a state may provide for the commencement of an action by a nonresident plaintiff against a nonresident in its courts under almost any and all circumstances, and while the defendant may remove such cause into the United States District Court (but this is questionable) he can only remove it into the District Court of the United States of the state in which state suit was brought in the state court, and that particular federal district of such state in which was situate the county or judicial division of the state in which the suit was commenced. In short, the

suit cannot be removed to the District Court of the United States in which it must have been brought if commenced in the federal court, as that, for removal purposes, would not be the "proper district."

It would seem at first blush that "the proper district" for the trial of a cause removed from the state court to the District Court of the United States is the district in which Congress has said that the suit must be brought and tried if brought in the United States District Court in the first instance. But there is no constitutional right to the removal of a cause like this from the state court to the United States District Court (In re Cilley [C. C.] 58 Fed. 977), and Congress has the right and power to provide for the removal of such causes from the state to the United States court, and no legislative or judicial power of a state can thwart, or defeat, or limit, this power of removal (Tennessee v. Davis, 100 U. S. 257, 265, 25 L. Ed. 648, 651; Goldey v. Morning News, 156 U. S. 518, 523, 15 Sup. Ct. 559, 39 L. Ed. 517, 519). While the primary purpose of removal is for the trial of the cause, and it cannot be removed merely for some other purpose (Vannevar v. Bryant, 21 Wall. 41, 22 L. Ed. 476), still, once removed, the jurisdiction of the federal court attaches for all purposes, and the service of the summons in the state court may be set aside and the case dismissed (Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272). The right of removal can only be exercised as provided by some act of Congress. Gumbel v. Pitkin, 124 U. S. 131, 153, 8 Sup. Ct. 379, 388, 31 L. Ed. 374, where it is said:

"It is impossible to transfer suits pending in the state courts into the Circuit Courts (now District Courts) of the United States, except as provided by act of Congress for the removal of such causes."

It is, of course, competent for Congress to provide for the bringing of certain actions in the District Courts of the United States, and specify the District Court in which such action must be commenced and prosecuted. It does not follow, however, that a cause of the same nature, and between the same parties even (not the same cause of action), if brought in the state court and a removable one, must be removed to the United States District Court of the district in which it must have been commenced if originally brought in the District Court of the United States. Removal causes may be tried and disposed of in the District Court of the United States of the district to which Congress has said they shall be removed and tried, even if Congress has said they could not have been brought there originally. The result is, if the plaintiff's contention here is correct, that a plaintiff, by suing a nonresident defendant in the state court of a state in which neither party resides (the parties residing in different states and the amount in controversy being sufficient), compels the defendant, if he removes the cause to the United States District Court, to remove it to a particular District Court in the state where the plaintiff commences his action, and prevents the defendant from removing it to the District Court of the United States in the state of the residence of either the plaintiff or the defendant. Has Congress done this? Is that the intent and true construction of the removal statute? I am of the opinion it was not necessary for Congress to provide a mode or *course of*

*procedure* in order that causes pending in the state courts may be removed from those state tribunals to the United States courts. If Congress had enacted section 28 of the Judicial Code alone, the right of removal would exist, and the courts, in exercising their jurisdiction and power of removal conferred by such section, could prescribe their own form of procedure. If section 28 stood alone, we would naturally say removal must be to the District Court of the United States of the district where the action could have been originally brought and no other. That would be "the District Court of the United States for the proper district." That would be the proper district in which to bring it, and in which to try it, and it would seem the appropriate and suitable district to which to remove it, if brought in the state court.

By the act of 1887–88, the right of removal was somewhat restricted, and section 2 of the act of 1875 was amended, so as to read as does section 28 of the Judicial Code, except that the words "by the preceding section" are changed to "this chapter," and "Circuit Court" now reads "district court." As to procedure in removal cases, in the acts of 1789, 1866, and 1867 the procedure on removal was given in the same section conferring the right of removal; but in the later act of 1875 the method of removal was prescribed in a separate section. This procedure was somewhat modified by the acts of 1887–88 (25 Stat. 433, 1 Supp. R. S. [2d Ed.] 611 [Comp. St. 1913, § 1010]), amending sections 1, 2, and 3 of the act of March 3, 1875 (18 Stat. 470, c. 137). Section 3 of that act, as amended, provided that a party desiring to remove a suit mentioned in the preceding section might make and file a petition in such suit and in such state court for the removal of the cause into the Circuit Court to be held in the district where such suit was pending, and should make and file a bond therewith, with good and sufficient sureties, for his or their entering in such Circuit Court a copy of the records, etc. Section 3 of the act of 1875 provided that, whenever a party desired to remove a suit from the state court to the Circuit Court of the United States, he might file a petition in the state court "for the removal of such suit into the Circuit Court to be held in the district where such suit is pending," and should make and file a bond, etc. In Hess v. Reynolds, Administrator, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927, it was held that:

"The removal in all cases is into the Circuit Court of the district which embraces territorially the state court in which the suit is pending at the time of the removal, without regard to the place where it originated."

The court said:

"It is argued that the cause should have been removed to the Circuit Court for the Western District of Michigan, instead of the Eastern, because the county of Ionia, in which the suit originated, is in the former. But the language of the removal statute is that suits shall be removed into the Circuit Court of the district where such suits are pending. Undoubtedly this means where they are pending at the time of removal. This suit was not then pending in the Western district of Michigan, but in the county of Jackson, which is in the Eastern district of that state."

Section 639 of the Revised Statutes provided:

"Any suit commenced in any state court, wherein the amount in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, to be made to appear to the satisfaction of said court, may be removed, for trial, into the Circuit Court, for the district where such suit is pending, next to be held after the filing of the petition for such removal hereinafter mentioned, in the cases and in the manner stated in this section."

This was an express provision for the removal of such a suit from the state court to a particular court, viz., the Circuit Court for the district where such suit was pending, and of course excluded the right of removal to any other Circuit Court. It will be noted that since that time the statute has been so changed that the right of removal is expressly given in one section, while the mode of removal is given in another section, and by the changes made in the removal statutes since the enactment of the quoted section of the Revised Statutes removal is to be made, not to the District Court in a specified district, but to the District Court of the proper district. These changes in my judgment are significant. This court is unable to comprehend why Congress should have limited a plaintiff in bringing his action in the United States court to the district of the residence of either the plaintiff or the defendant, at the same time leaving it open for the plaintiff to bring his suit in the state court of any state where he can find the defendant, and then provide that, in case the defendant seeks removal, he is limited to the District Court of the United States which includes the territory in which is the state court in which the plaintiff elected to bring his action. Such a construction of the existing statutes leaves it open for the plaintiff in many cases to compel the defendant to submit himself to trial either in the state court of a state of which he is not a resident or an inhabitant, or in the District Court of the United States of that state, when he could not have been sued there under the laws of Congress. In short, in many cases the plaintiff, by availing himself of some state statute, may defeat the policy of the federal statute as to the place or jurisdiction in which actions may be brought in the federal court.

In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, Wisner, a citizen of the state of Michigan, sued Beardsley, a citizen of the state of Louisiana, in the state court of the state of Missouri within the territory included in the Eastern federal district of said state. Within the time fixed by statute Beardsley filed his petition for removal of the cause from the state court into the United States Circuit Court of the Eastern Division of the Eastern District of Missouri, with the requisite bond. This district included the territory in which the suit in the state court was pending. An order of removal was duly entered, and the transcript of the record duly filed. Motion to remand was duly made by Wisner, and denied. Wisner applied to the Supreme Court of the United States for mandamus, and leave to file was granted. That court held that the motion to remand should have been granted, and that, as the Circuit Court of the United States to which removal was made *had no jurisdiction to proceed with the cause,* mandamus was the proper remedy. The grounds of this de-

cision, as plainly appears from the opinion of Mr. Chief Justice Fuller, and stated by him in his dissenting opinion in the later case of In re Moore, 209 U. S. at page 512, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, overruling the Wisner Case, were that (1) the removal statutes of March 3, 1887 (24 Stat. 552, c. 373), as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866), and which amended sections 1, 2, and 3 of the act of Congress of March 3, 1875 (18 Stat. 470, c. 137), did not confer any jurisdiction on the Circuit Courts of the United States of a given state to hear, try, and determine suits between parties, both being citizens of other states, and not being citizens of the same state, jurisdiction in the United States court being based on diversity of citizenship and amount in controversy; (2) that therefore, the parties being citizens, the plaintiff of Michigan, and the defendant of Louisiana, neither of the state of Missouri, the United States court in the Eastern district of Missouri had *no jurisdiction* of the case. In Re Moore, supra, Mr. Chief Justice Fuller, speaking of the Wisner Case, said:

"In my judgment, section 1, in cases where litigants are citizens of different states, confers jurisdiction only on the Circuit Court of the district of the plaintiff's residence and the Circuit Court of the district of the defendant's residence; and it is not conferred on the Circuit Court of the district of neither of them, and cannot be even by consent. If this were not so, as Mr. Justice Harlan said in Bors v. Preston, 111 U. S. 255 [4 Sup. Ct. 407, 28 L. Ed. 419] 'it would be in the power of the parties by negligence or design to invest those courts with a jurisdiction expressly denied to them,' or where, it may also be said, such jurisdiction was not expressly conferred. This view was expressed in Re Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], and although it is true that the proposition need not have been there announced, because in that case it was correctly decided that there was not a consent to the jurisdiction by both parties, yet the rule was so laid down, and the result of the opinion in this case is to disapprove of and overrule In re Wisner, so far as that proposition is concerned. And as I adhere to that view I dissent."

The learned Chief Justice quoted the language of Mr. Justice Gray in Shaw v. Quincy Mining Co., 145 U. S. 444, 446, 12 Sup. Ct. 935, 36 L. Ed. 768, with approval. In concluding the opinion in the Wisner Case, Mr. Chief Justice Fuller said:

"A petition and bond for removal are in the nature of process (quoting Mr. Justice Brewer in Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 82 [24 Sup. Ct. 30, 48 L. Ed. 103]). They constitute the process by which the case is transferred from the state to the federal court."

He adds:

"When, then, Beardsley filed his petition for removal, he sought affirmative relief in another district than his own."

In the whole opinion in this Wisner Case there is no suggestion that Beardsley could not have removed the cause to the District Court of his residence and state citizenship, except the remark found on page 457 of 203 U. S., and page 152 of 27 Sup. Ct. (51 L. Ed. 264), viz.:

"As it is the nonresident defendant *alone*, who is authorized to remove, the 'Circuit Court for the *proper* district' is evidently the Circuit Court of the district of the residence of the plaintiff."

As the suit might have been brought in the district of the residence of the defendant, this court is of opinion "defendant" is what was in-

tended. Really the Wisner Case decided that Beardsley, by filing his petition for removal into the Circuit Court of the United States for the Eastern District of Missouri, did not waive the objection that he was in effect sued in the wrong district, and also, as heretofore stated, that the Circuit Court of the United States had no jurisdiction, for the reason defendant could not have been sued there, and plaintiff could not have brought his suit there.

It cannot be denied that all the District Courts of the United States have had conferred upon them by the statutes referred to *general jurisdiction* of all suits where there is found diversity of citizenship and requisite amount in controversy. This is plain from the reading of the Judicial Code, and the cases referred to, and the statutes referred to, but now repealed. This general jurisdiction of the subject-matter of the suit (except it be those of a local nature) is not affected by the provisions that suit can only be brought by a plaintiff in a specified district. This right to be sued in a particular district is a personal one, and may be waived by the defendant if sued in the wrong district, or if removal is had to the wrong district—a district which is not "the proper district." Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Matter of Moore, 209 U. S. 490, 501, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164. In Matter of Moore, supra, the court held that:

"While consent cannot confer on a federal court jurisdiction of a case of which no federal court would have jurisdiction, either party may waive the objections that the case was not brought in, or removed to, the particular federal court provided by the statute."

At page 501 of 209 U. S., page 588 of 28 Sup. Ct. (52 L. Ed. 904, 14 Ann. Cas. 1164), the court said:

"The contention is that, as this action could not have been originally brought in the Circuit Court for the Eastern District of Missouri by reason of the last provision quoted from section 1, it cannot under section 2 be removed to that court, as the authorized removal is only of those cases of which by the prior section original jurisdiction is given to the United States Circuit Courts. But this ignores the distinction between the general description of the jurisdiction of the United States courts and the clause naming the particular district in which an action must be brought."

In Interior Construction & Improvement Co. v. Gibney, 160 U. S. 217, 219, 16 Sup. Ct. 272, 273 (40 L. Ed. 401), Mr. Justice Gray thus stated the law:

"Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election; and the defendant's right to object that an action, within the general jurisdiction of the court, is brought in the wrong district, is waived by entering a general appearance, without taking the objection."

It is evident that the District Court of the Northern District of New York has jurisdiction of the subject-matter of this suit and also

of the defendant, who resides there and is a citizen thereof, having its principal offices and place of business there, where it was incorporated, and it having removed the cause to that district. As the Northern district of New York was "the proper district" for bringing the action, why not the "proper district" into which to remove the cause from the state court? It is conceded that the cause could not have been removed to, and cannot be removed to, the United States District Court of the state of New Hampshire without the consent of both parties, as the action could not have been brought there by either party. That District Court would have jurisdiction, if both parties consented; but they do not. By express provision the Northern district of New York does have original jurisdiction of the subject-matter of the suit and of the defendant. The plaintiff, a corporation of the state of Maine, has sued the defendant, a corporation of the state of New York, in the superior court of the state of New Hampshire, a court whose jurisdiction is bounded by a single county, and its right to so sue is based on a state statute giving the right, for the reason defendant was doing some business there. Diversity of citizenship exists, as does the requisite amount in controversy, over $30,000. Congress, having plenary constitutional power to so enact, has said (section 28, Judicial Code):

"Any suit of a civil nature, at law or in equity * * * [referring to cases arising under the Constitution and laws of the United States], of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. *Any other suit* of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title [this suit, as we have seen], and which are now pending or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein."

Here is an absolute right of removal given, and there is no exception and no limitation, unless it be that the words "for the proper district" mean, not the district where the suit must have been brought if commenced in the United States District Court, but that particular district to which a method or mode of procedure for removal in another section is stated. In short, it is asserted that, inasmuch as Congress did not provide a mode or method of procedure for the removal of causes from the state court to the United States District Court of the residence of either the plaintiff or the defendant, or any other federal court where plaintiff sues the defendant in a state court of a state where neither party resides, there is no right of removal in such a case. On the one hand, it is held that for the reason the plaintiff could not have brought the case in the United States District Court of the state where he sued in the state court rightfully according to the laws of the state, the defendant in a suit cannot remove the cause into the federal court of that state, neither party residing in that state, even though the United States District Court of that state has general jurisdiction of the cause and the procedure specified in section 29 would allow it; and, on the other hand, it is claimed, and has been held in at least two cases, that as no procedure is provided for the removal of

such a cause so brought in the state court of a state where neither party resides, although the requisite diversity of citizenship and amount in controversy exist, there is no right of removal, and hence a plaintiff nonresident, by electing to sue a nonresident of the particular state in such state court, being enabled to do so by the laws of such state, absolutely deprives the defendant of the right of removal to the District Court of the United States. Is this equal protection of the laws? Is it necessarily true that "the proper district" is the one to which the procedure clause says the defendant "may" petition to have the cause removed? If this be true, Mr. Chief Justice Fuller and the entire Supreme Court of the United States were in error as to the meaning of the words "the proper district" used in the prior removal acts of Congress, and used in the same connection as in the present Judicial Code.

There has, thus far, been a diversity of holdings on this question by the District Courts of the United States. In St. John v. United States Fidelity & Guaranty Co. (D. C.) 213 Fed. 685, Judge Rose (District of Maryland) held that a case brought in a state court of the state of Montana against a corporation of the state of Maryland by a citizen of the state of Wyoming could not be removed into the United States District Court of the state of Montana, or into the United States District Court of the state of Maryland, the residence and place of incorporation and business of the defendant, as neither the plaintiff nor the defendant resided in the state of Montana, where the suit was brought in the state court. In short, that court held that in such a case the right of removal does not exist, notwithstanding the provisions of section 28 of the Judicial Code, because of the procedure provisions of section 29.

In Stewart v. Cybur Lumber Co. (D. C.) 211 Fed. 343, Judge Toulmin (Southern District of Alabama) held that in such a case, while defendant could not remove the cause from the state court to the District Court of the state in which the suit was brought, as neither party resided there, he could remove it to the District Court in the state of his residence.

In Keystone Development Co. v. American Locomotive Co. (court of common pleas of Alleghany county), on petition of defendant for removal from the Pennsylvania state court to the Northern district of New York, the plaintiff was a corporation of the state of Arizona, and defendant a corporation of the state of New York, and Judge Carpenter held (not reported) that such removal was proper, and, writing an opinion, granted the order of removal.

In Mattison v. Boston & Maine Railroad Co. (D. C.) 205 Fed. 821. this court said that, inasmuch as the courts had held that a defendant could not remove a cause brought in the state court of a state of which neither party was a resident to the United States District Court of that state, the proper United States District Court to which removal should have been made was that of the residence of the defendant or plaintiff, and the cause having been commenced in the state court of the state of New York, of which state neither the plaintiff nor the defendant was a resident, and removed to the United States District

Court of the Northern District of New York, in which district the suit was brought in the state court, remanded the cause. It was not necessary, in deciding the case, to go into the question here presented, as the cases are quite uniform in holding that the cause was improperly removed to the United States District Court of the Northern District of New York. See, also, Louisville and N. R. Co. v. Western Union Tel. Co. (D. C.) 218 Fed. 91.

If the procedure clauses in section 29 of the Judicial Code are to fix and determine "the proper district" into which a cause may or must be removed, if removed, I do not see why a cause brought in the state court of a particular state of which neither the plaintiff nor the defendant are citizens or residents may not be removed into the District Court of the United States of that state in which the action is brought, regardless of the residence of the parties thereto. Section 28 says that:

"Any other suit of a civil nature, at law or in equity, of which * * * District Courts of the United States are given jurisdiction by this title, and which are now pending, or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

General original jurisdiction of all suits, where there is diversity of citizenship and the requisite amount in controversy, is given to the United States District Courts, as we have seen, and as has been decided by the Supreme Court of the United States again and again. The provision that such a suit must be brought in a particular district, that of the plaintiff or the defendant, "does not touch the general jurisdiction of the court over such a cause between such parties," but is for the protection of parties, and "affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege." Interior Construction & Improvement Co. v. Gibney, supra, 160 U. S. 217, 219, 16 Sup. Ct. 272, 40 L. Ed. 401. It is not essential to this power of removal that either party reside in the state where the suit is brought in the state court. It is a case within the general jurisdiction of the United States District Courts, and may be removed from the state court to the United States District Court. So says the statute, and there is no exception or limitation, provided there be diversity of citizenship and the requisite amount in controversy. If plaintiff resides in state A, defendant in state B, and the suit is brought in the state court of state C, there is diversity of citizenship. This means that the plaintiff and defendant are not residents or citizens of the same state. Section 29 provides in explicit terms, and makes but one exception:

"Whenever *any* party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time, * * * for the removal of such suit into the District Court to be held in the district where such suit is pending," etc.

The proceedings having been entered, etc., the parties are to plead, and then "the cause shall then proceed in the same manner as if it had

been originally commenced in the said District Court." Here is no limitation or suggestion of limitation to suits brought in the court or courts of a state where one of the parties thereto resides. Its terms apply to any and all suits brought in the state courts where there is shown by the pleadings diversity of citizenship and the requisite amount or value in controversy. If, then, section 29 determines the "proper district," it is that District Court of the United States "to be held in the district where such suit is pending" in the state court, and all suits are included, except those sought to be removed for local influence or prejudice.

There is a clause in section 53 of the Judicial Code (Comp. St. 1913, § 1035) which is a part of chapter 4, relating to "District Courts — Miscellaneous Provisions," and which clause reads as follows:

"In all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States District Court in such division."

In a note to this section found in Hopkins' Judicial Code, page 80, it is said:

"This section supersedes a number of previous sections applicable to particular divided districts."

Construed strictly, this clause of section 53 of the Judicial Code would indicate that all suits removed from the courts of a state must be removed to the District Court of the United States in which the county is situated from which the removal is made. This provision, however, applies to the District Courts of those judicial districts having more than one division, and requires that, when a cause is removed to a district which has more than one division, the removal shall be to the division in which the county is situated from which the removal is made, provided, of course, that the removal is made to a district embracing the geographical division of the state in which the suit was brought in the state court. It could have no application where removal is made to a District Court of the United States other than the one embracing geographically the county in which the suit was pending in the state court.

It may be argued, however, with great force, that, reading sections 29 and 53 together, it is plain that Congress intended that the removal of causes in all cases not otherwise specifically provided for must be to the United States District Court in which is situated the court or judicial district or division from which the removal is made. This court would so hold, but for the numerous decisions that a cause cannot be removed from a state court to a District Court of the United States other than that where one of the parties to the suit resides or of which such party is a citizen. This court is of the opinion that it was not intended by Congress, in enacting the various provisions referred to and quoted from, to deprive a defendant of the right to remove the cause wherein he is made a party to the United

States District Court of some district, when the plaintiff sees fit to go into a state of which neither party is a resident and there, availing himself of the state laws, brings an action in the state court.

It is impossible for this court to understand that it was intended by Congress, to leave it within the power of a plaintiff to deprive the defendant in a suit brought by such plaintiff of the right to remove the cause into the United States court for trial by going into a state of which neither party is a resident or citizen and there commence his action, when he could not so deprive the defendant of the right of removal by bringing his suit in the state of the residence of either the plaintiff or the defendant. The statutes relating to the removal of causes should be construed to prevent this result, if possible.

The conclusion is that this cause was rightfully removed from the superior court of the county of Hillsborough, state of New Hampshire, to the United States District Court for the Northern District of New York, and the motion to remand is therefore denied. There will be orders accordingly.