BEST et al. v. GREAT NORTHERN RY. CO. et al.

(District Court, D. Montana. July 12, 1917.)

No. 574.

1. REMOVAL OF CAUSES ☞26—RIGHT OF REMOVAL—"NONRESIDENT"—"NON-CITIZEN."

Citizens of Montana jointly sued in the state court a foreign corporation and a citizen of Italy living within the state. Under the statute declaring that suits falling within the original jurisdiction of the District Court may be removed by the defendant or defendants, being nonresidents of the state, defendants removed the cause. *Held*, that the word "nonresident" is synonymous with "noncitizen," and, though the alien lived within the state of Montana, he was entitled to remove the action.

[Ed. Note.- For other definitions, see Words and Phrases, First and Second Series, Nonresidence; Nonresident.]

2. VENUE ☞26—ALIENS—ACTIONS.

If an alien desires to commence an action or bring a suit against a citizen of the United States, he must resort to the domicile of the defendant to sue: the alien not being assumed to reside in the United States, though citizens may sue in either the state of which the plaintiff or the defendant was a resident.

At Law. Action by Altie Best and another against the Great Northern Railway Company, a corporation, and another, begun in the state court, and removed to the federal court. On motion to remand. Motion denied.

Walsh, Nolan & Scallon, of Helena, Mont., for plaintiffs.

Veazey & Veazey and W. L. Clift, all of Great Falls, Mont., for defendants.

BOURQUIN, District Judge. Defendants, one a foreign corporation, the other a citizen of Italy resident in this state, and who in a court thereof has petitioned for naturalization, sued jointly in tort in the state court, removed the suit hither, and plaintiffs, citizens of this state, move to remand. The suit is of original jurisdiction in this court, and the statute provides that such cases, brought in a state court, may be removed hither "by the defendant or defendants being nonresidents of that state."

[1] Plaintiffs contend that there is no right of removal, for that the defendant alien is not a nonresident of this state; defendant corporation, that, the case being of original jurisdiction herein, the alien's residence is merely of venue, a privilege capable of waiver, and that it can remove the suit in any event. The statute is the measure of the right of removal; but, having in mind that citizenship, and not residence, is the basis of jurisdiction, that the object of removal is to enable one, sued in a state of which he is not a citizen, to submit the controversy to a tribunal presumably free from local influences and more impartial than a court of the state of plaintiff's residence, in the sense of citizenship, and having in mind the practice and consequences, it is believed that, though "nonresidents" is not an accurate (but sometime) synonym for "noncitizens," or for "citizens of other states or foreign states,"

it is so intended in the removal statute, perhaps because of more common use, more euphonic, or of greater brevity. The practice always was and now is that, in suits between citizens of different states, citizenship alone, and not residence, is material, whether original jurisdiction or on removal is involved. (A suit can neither be brought in nor removed to this court, though one or both parties are resident in this state, but neither a citizen thereof, nor alien, save by consent.)

The cases make a distinction in the matter of alien defendants on removal, which is believed unwarranted. Most such cases are noted in Simpkins' Equity, 808. They seem to overlook the basis of jurisdiction and also the reasons for removal, that aliens' residence is immaterial either to jurisdiction or venue, and that the doctrine of said cases leads to absurd consequences, even to perversion of the statute. For instance, if "nonresidents" be not construed "noncitizens," a citizen of Montana resident in Idaho, sued by a citizen of Idaho in a Montana state court, could remove the suit into this court. Conversely, a citizen of Idaho resident in Montana, so sued by a citizen of Montana, could not remove the suit into this court.

[2] Furthermore, "an alien * * * is assumed not to reside in the United States, and must resort to the domicile of the defendant" to sue. Railway Co. v. Gonzales, 151 U. S. 507, 14 Sup. Ct. 401, 38 L. Ed. 248; In re Keasbey, etc., Co., 160 U. S. 230, 16 Sup. Ct. 273, 40 L. Ed. 402. That is, while citizens of states may sue in the state of the citizenship of either plaintiff or defendant, aliens, though living in a state, can sue only in the state of defendant's citizenship, and for the same reason a citizen may sue an alien wherever process can be served on him, though the alien lives, is resident, in another state than that of plaintiff or the court. So an alien, resident, in the sense of living, in Montana, cannot bring suit in this court against a citizen of Idaho, though a citizen of Montana, residing in Idaho, can, all because citizenship, not residence, controls.

Remand denied.