**NELSON v. BRAUGHLER et al.**

District Court, N. D. California, N. D.
November 8, 1929.

No. 593.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for plaintiff.

Butler, Van Dyke, Desmond & Harris, of Sacramento, Cal., for defendant Sacramento Suburban Fruit Lands Company.

LOUDERBACK, District Judge. This matter arises in connection with an action at law by the plaintiff, who is an alien and a citizen or subject of Sweden. He sues three defendants, two of whom are citizens and residents of the Northern district of the state of California, and a third defendant—the Sacramento Suburban Fruit Lands Company—a corporation organized under the laws of the state of Minnesota.

The Suburban Fruit Lands Company interposed a demurrer to the complaint, and for grounds alleged as follows: "(1) That the court has no jurisdiction of the person of said defendant. (2) That said complaint does not state facts sufficient to constitute a cause of action against this defendant. (3) That said complaint is uncertain in this: that it cannot be ascertained therefrom what defects existed in said land that were injurious or harmful to the growth of fruit trees, or for what reason said land was not adapted therefor, or what is meant by the term 'commercial quantities,' as used in said complaint, in paragraph VII thereof; why, or for what reason, said land was not capable of producing crops of deciduous fruits."

Section 24 of the Judicial Code (28 USCA § 41; Comp. St. § 991) provides that "the District Courts shall have original jurisdiction of all suits of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of a state and foreign states, citizens, or subjects." Under this provision an alien may sue a citizen of a state in a United States District Court.

Section 51 of the Judicial Code (28 US CA § 112) provides that no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

While citizens of states may sue in the state of the citizenship of either plaintiff or defendant, aliens, though living in a state, can sue only in the state of defendant's citizenship. Best v. Great Northern R. Co. (D. C.) 243 F. 789; Coty v. Prestonettes, Inc. (C. C. A.) 285 F. 501; Fribourg v. Pullman Co. (C. C.) 176 F. 981; Vidal v. South American Securities Co. (C. C. A.) 276 F. 855; Campbell v. Duluth, S. S. & A. Ry. Co. (C. C.) 50 F. 241.

Where there are several defendants, all necessary parties, and the action is not severable, each defendant must be suable in the jurisdiction where the action is brought or the court cannot entertain jurisdiction. Mc-

Aulay et al. v. Moody et al. (C. C.) 185 F. 144.

The objection to the jurisdiction of the particular court in which suit is brought may be waived by appearing and pleading to the merits, where the suit is cognizable in some District Court. Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101.

The demurrer in this case was based upon three grounds; the first referring to the question of jurisdiction, the second setting forth the fact that the complaint did not state facts sufficient to constitute a cause of action, and the third alleging that the complaint was uncertain. There was in this instance a general appearance to the merits. As this is a case cognizable before a federal court, such an appearance waives all special privileges appertaining to such defendant, in respect to the particular court in which the action is brought.

The defendant by his pleading has submitted to the jurisdiction of this District Court. Demurrer overruled, and the defendant is given 10 days to answer.