FLORENCE R. COOK, as Executrix of FANNIE BROWN, Deceased, Plaintiff, *v.* SAMUEL NELSON, Defendant.

Supreme Court, Special Term, Sullivan County, June 19, 1946.

*Ellsworth Baker* and *John W. Trapp* for defendant.

*Henry Temes* for plaintiff.

BOOKSTEIN, J. This is an application by defendant for an order of removal of this action from the Supreme Court, Sullivan County, to the United States District Court for the Southern District of New York. Service of the summons in the action upon the defendant was made pursuant to section 52 of the Vehicle and Traffic Law. Plaintiff opposes the application on the grounds, first, that to grant the application, would result in setting at naught the provisions of section 52 of the Vehicle and Traffic Law, which provides the means for acquiring jurisdiction of the person of a nonresident, operating a motor vehicle in this State, without actually making personal service of process upon such person, and, second, that to grant the motion would work great hardship and inconvenience upon the plaintiff.

As to the first objection, granting of the order does not in any way impair or nullify section 52 of the Vehicle and Traffic Law. The nonresident, served pursuant thereto, is in the same position, so far as jurisdiction of the person of the defendant by the courts of our State is concerned, as a nonresident of this State, who was served personally with process within this State.

If such nonresident defendant, thus personally served within this State, can procure an order of removal to the United States District Court, then to order such a removal in the case of a nonresident, served pursuant to section 52 of the Vehicle and Traffic Law is certainly not vitiating that section. If plaintiff's contention were correct, it would seem to apply with greater force to the case of a nonresident actually personally served with process in this State. In the latter case, no less than in the former, the order of removal ousts the State courts of jurisdiction and transfers the same to the Federal courts.

As further illustrating that section 52 of the Vehicle and Traffic Law is not vitiated by an order of removal to the Federal courts, it should be borne in mind that in the absence of such

a provision of law as section 52 of the Vehicle and Traffic Law, and in the event of the inability of the plaintiff to effect personal service of process on the defendant in this State, plaintiff would be compelled to sue defendant either in the State courts of New Jersey or in the United States District Court in New Jersey in which defendant resides.

See sections 51 and 52 of the Judicial Code (U. S. Code, tit. 28, §§ 112, 113) pursuant to which, if this action were instituted in the Federal courts, in the first instance, it would have had to be instituted in the district where the defendant resides.

In the instant case, an order of removal transfers the trial of the action to the United States District Court for the Southern District of New York, in which district plaintiff resides and in which district she has brought her action in the State courts and that being the district, " where such suit is pending," since section 29 of the Judicial Code (U. S. Code, tit. 28, § 72) requires " removal  *  *  * into the district court to be held *  *  * *where such suit is pending* ".

Thus a trial of the action in the District Court in which plaintiff resides instead of in the District Court in which defendant resides, results. That result follows from the fact that service, pursuant to section 52 of the Vehicle and Traffic Law, enabled the State courts of this State to acquire jurisdiction of the person of the defendant, in the county of the residence of the plaintiff, which is located in the Federal Southern District of New York.

All that section 52 of the Vehicle and Traffic Law accomplishes is to enable our State courts to obtain jurisdiction of the person of a nonresident defendant, without actual personal service of process upon him in this State. Once such jurisdiction is acquired by the State courts, such courts are in no different position than in any other case where jurisdiction of the person has been acquired, insofar as the provisions of law dealing with the removal of causes from the State courts to the Federal courts, are concerned.

Such removals are governed by sections 28 and 29 of the Judicial Code (U. S. Code, tit. 28, §§ 71, 72).

So far as pertinent here, section 28 provides that: " Any *  *  * suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction *  *  *, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of the State."

It appears without contradiction that this is an action to recover damages for a death due to negligence, brought by a resident of Sullivan County, in this State, against a resident of New Jersey. The amount demanded in the complaint exceeds $3,000. Hence, the case comes squarely within the provisions of section 24 of the Judicial Code of the United States (U. S. Code, tit. 28, § 41) conferring jurisdiction on the District Court of the United States for the Southern District of New York, of which district Sullivan County is a part, said section 24 of the Judicial Code, so far as pertinent, reading as follows: " The district courts shall have original jurisdiction as follows: * * * First. Of all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds * * * the sum * * * of $3,000, and * * * Is between citizens of different States * * *."

Under section 28 of the Judicial Code, the right of a defendant, who comes within its scope, to an order of removal of the action from the State to the district courts, is absolute. (*Park Square Automobile S. v. American Locomotive Co.*, 222 F. 979.)

As to the second objection urged by the plaintiff, it would doubtless be a cogent argument against a motion to change the place of venue of this action from one county to another. On such a motion, discretion is vested in this court and the second objection urged by the plaintiff might well provoke an exercise of discretion in plaintiff's favor.

The difficulty here is that the court is not vested with discretion. The right of the defendant to the relief sought is absolute. Accordingly, defendant's motion is granted. Bond approved. Submit order.