PAVICK v. CHICAGO, M. & ST. P. RY. CO.

KLAWA et al. v. SAME.

(District Court, E. D. Wisconsin. September 11, 1914.)

Nos. 546, 565.

REMOVAL OF CAUSES ⊙⟶12—"PROPER DISTRICT."

The "proper district," within Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. 1913, § 1010]) § 28, designating the suits brought in a state court subject to removal by defendant to the federal courts "for the proper district," is defined by section 29 (section 1011), providing

that a party "entitled" to remove any such suit may do so by filing a petition for the removal of such suit into the District Court to be held "in the district where such .suit is pending," and is not the district in which, under section 51 (section 1033), the suit could have properly been brought originally.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. ☞12.

For other definitions, see Words and Phrases, Second Series, Proper District.]

Two actions, one by Paul Pavick, the other by Christ Klawa and others, both against the Chicago, Milwaukee & St. Paul Railway Company. Remanded to state court.

A motion has been made by the plaintiff in each of the cases for remand to the state court from which it has in form, been removed to this court. The defendant railway company is a resident of the Eastern district of Wisconsin. Pavick, a resident of Iowa, commenced suit against it in the state court of Minnesota. Klawa and others, residents of the state of Oregon, sued in the state court of Washington. The motions, which have been argued together, present the single question whether the cases are removable to the federal court of this district of the defendant's residence.

Barton & Kay, of St. Paul, Minn., for plaintiff.
H. J. Killilea, of Milwaukee, Wis., for defendant.

GEIGER, District Judge (after stating the facts as above). The motions to remand will be granted.

In section 28 of the Judicial Code (Act March 3, 1875, 18 Stat. L. 470, c. 137, § 2, and Act August 13, 1888, 25 Stat. L. 434, c. 866, § 2), the suits brought in a state court and subject to removal to the federal courts "for the proper district by the defendant or defendants therein, being nonresidents therein," are designated. Section 29 provides for filing a petition "for the removal of such suit into the District Court to be held in the district where such suit is pending." It is urged by defendant that because section 24 of the Judicial Code (Comp. St. 1913, § 991) defines the original jurisdiction of the District Court, and because section 28 grants the right of removal by nonresident defendants of all cases brought in the state court in which such original jurisdiction might have been invoked, therefore section 51 must be taken as definite of the term "proper district" as used in section 28.

Section 51 reads:

"No civil suit shall be brought in any District Court against any person by any original process * * * in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The claim is made that section 28 grants the right of removal; that from 1789 to 1875 the law corresponding to this section provided for a removal to the District (then Circuit) Court of the United States

*for the district wherein the suit is pending,* and in 1875 was changed by substituting, for these words italicized, the clause "for the proper district"; that by such change Congress intended to provide for the cases now here. And it is insisted that because section 29 governs only the practice or procedure, its language, the retention therein of the clause, "in the district where such suit is pending," cannot prevail against the removal to this court. Counsel's contention that the change of language effected a substantial change of right brings section 29 into clear conflict with section 28 in all cases like those at bar, for by its express terms it is made applicable to all cases "entitled" to removal under section 29. The two sections combined provide that certain suits, when instituted in a state court, may be removed to the federal court for the proper district; that a party "entitled" to remove may so remove by filing a petition for its removal into the federal court for the district wherein it is pending. It is my judgment that the two sections must be read in harmony; that the clause in section 29 defines, for removal purposes, the term "proper district" as used in section 28. If, as is claimed, this results in a restriction of the removal right, the remedy, it seems to me, is with Congress. But I do not believe that the phraseology "proper district" was adopted with the view of making any change in the then existing law. The subsequent enactment of section 53, Judicial Code (Comp. St. 1913, § 1035), for removal to the federal courts "in the division in which the county is situated from which the removal is made," is proof conclusive of the absence of any intention to permit the removal here attempted. The general description or designation of the removal right may be one thing, but mandatory provisions regulating its exercise must be given full effect when insisted upon by parties. In re Moore, 209 U. S. 501, per Brewer, J., and pages 512, 513, per Fuller, C. J., 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. I adopt, upon the question presented, the views expressed in St. John v. U. S. F. & G. Co. (D. C.) 213 Fed. 685.

An order of remand may be entered in each case.