NEW YORK COAL CO. v. SUNDAY CREEK CO. et al.

(District Court, S. D. West Virginia. February 9, 1916.)

1. COURTS ⬤⟞255—UNITED STATES COURTS—JURISDICTION.
    Jurisdiction in an inferior federal court is limited by the acts of Congress affirmatively conferring it, and the powers of all such courts are to be sought in the acts of Congress.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 792, 794, 805; Dec. Dig. ⬤⟞255.]

2. REMOVAL OF CAUSES ⬤⟞12—COURT TO WHICH CAUSE MAY BE REMOVED— "PROPER DISTRICT."
    Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), authorizes the removal from state courts of suits of which the United States District Courts are given original jurisdiction. Section 29 (section 1011) provides that the party entitled to remove such a suit, except suits removable on the ground of prejudice or local influence, may file a petition for the removal in the District Court in the district where such suit is pending. *Held* that, where the only ground of jurisdiction was a diversity of citizenship, an action brought by a Maine corporation against a New Jersey corporation and a West Virginia corporation in a court of Ohio, where both defendants were doing business, and where the cause of action arose, could not be removed by the West Virginia corporation to the District Court for one of the districts of West Virginia, as the "proper district" within section 28 is the district in which the suit is pending, especially as the clerk of the state court would not be within the territorial jurisdiction of any other District Court and could not be reached by its process.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. ⬤⟞12.
    For other definitions, see Words and Phrases, Second Series, Proper District.]

At Law. Trespass on the case by the New York Coal Company against the Sunday Creek Company and another. On motion by plaintiff to remand to a state court. Cause remanded.

Louis G. Addison, O. E. Harrison, and T. J. Keating, all of Columbus, Ohio, for plaintiff.

Marshal & Fraser, of Toledo, Ohio, and W. O. Henderson, of Columbus, Ohio, for defendants.

KELLER, District Judge. This action was originally brought in the court of common pleas of Franklin county, Ohio, by plaintiff, a corporation organized under the laws of the state of Maine, against the Continental Coal Company, a corporation organized under the laws of the state of West Virginia and doing business in the state of Ohio, and Sunday Creek Company, a corporation organized under the laws of the state of New Jersey and also doing business in the state of Ohio. The Sunday Creek Company was served with process and appeared in the state court, and subsequently the Continental Coal Company appeared for the sole purpose of filing a petition for removal of the case to the District Court of the United States for the Southern District of West Virginia, that being the state and district of its incorporation and residence. The state court granted the peti-

tion, and the defendant Continental Coal Company has filed in this court a certified copy of the record in the case, and it is now before me upon a motion, by the plaintiff, to remand the case to the court of common pleas of Franklin county, Ohio, for lack of jurisdiction in this court to entertain the cause upon the petition for removal; its motion to remand being couched in the following language:

"United States District Court for the Southern District of West Virginia.

"New York Coal Company, a Corporation, Plaintiff, v. Sunday Creek Company, a Corporation, and Continental Coal Company, a Corporation, Defendants.

"Motion to Remand.

"Now comes the plaintiff, New York Coal Company, by its attorneys, and appearing especially for the purpose of this motion only, saving and reserving any and all objections it has to the manifold imperfections in the mode, manner, and method of the removal papers, and expressly denying that this court has jurisdiction of this cause or of the plaintiff herein, respectfully moves the court to remand this cause to the common pleas court of Franklin county, Ohio, from whence it was removed, for the reason that this suit does not involve a controversy and dispute properly within the jurisdiction of this court, and that it appears from the face of the record herein and from the petition filed in the common pleas court, from which said cause was removed, that the plaintiff is a citizen and resident of the state of Maine, and that the defendant Sunday Creek Company is a citizen and resident of the state of New Jersey, and that the defendant Continental Coal Company is a citizen and resident of the state of West Virginia, and this court cannot acquire jurisdiction of this cause by removal."

This motion raises a question which I had supposed was finally settled in its favor by the decisions of the Supreme Court of the United States. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164.

[1, 2] Jurisdiction in an inferior federal court is limited by the acts of Congress affirmatively conferring it, and the powers of all such courts are to be sought in the acts of Congress. The statute providing for the removal of causes has been in substantially its present form and language since the year 1887. Prior to the decision in Re Wisner, supra, authoritatively settling the doctrine, that a cause pending in a state court of a neutral state cannot be removed to the federal court sitting in such state over the objection of the plaintiff, no one, so far as I am aware, had ever thought, or ever claimed, that a suit so pending in the state court of a neutral state could be removed into the federal court of some other state; and it has been *since* the effect of the decision in the case of In re Wisner has been apprehended that this later interpretation of the removal statute has been set up, in the effort to uphold the absolute right, so called, of a nonresident defendant, sued in a state court, to remove the controversy to a federal court, viz. to the federal court of the district of his own residence.

To my mind, not only is there no reason for such construction, but such construction is utterly opposed to the only reasons upon which removals are authorized by the statute, and to the clear language of the statute itself. What are the reasons upon which removals of causes are permitted from state to federal courts? They are of two

classes—the first dependent upon the nature of the controversy, and the second on the citizenship and residence of the parties. In the first class of cases, where the cause of action arises out of a right created by a federal law or treaty, the defendant (with one single anomalous exception now embodied as such in the Judicial Code) may remove the cause from the state to the federal court, without regard to his citizenship or residence, upon the theory that, the cause of action arising under federal law or treaty, it is manifestly proper that, upon the demand of either party, it should be tried in the federal court.

In the other class of cases the reasoning proceeds upon the theory that the nonresident defendant (who alone may remove) is, or at least may be, at a disadvantage in the state court as compared with the resident plaintiff. It is to be remembered that the original jurisdiction of federal courts arising out of diversity of citizenship is not *general*, but, on the contrary, is limited to two specific districts, namely, that of the residence of the plaintiff and that of the residence of the defendant, or defendants, if there be more than one and they reside in the same district. There is, of course, the further limitation upon actual jurisdiction that legal service can be had upon all the parties within the jurisdiction. When all these conditions can be fulfilled, and then only, can it be said that a United States court has *complete* jurisdiction of a controversy, conferred by statute, in a cause where the only ground of jurisdiction is a diversity of citizenship existing between the parties.

It is true that a qualified jurisdiction in other districts arising by consent of the parties—or its equivalent, the waiver of objections— has been sustained in numerous cases by the Supreme Court of the United States, both in cases originally brought in the federal court and in other cases removed to such courts; but none of these cases gives any support in favor of a jurisdiction, without such consent or waiver, in any other than the two districts pointed out by statute, and none of the cases on removal gives any warrant in favor of jurisdiction in any other territorial district than that in which the suit was pending in the state court.

Recurring to the reason for permitting removals in the case of diversity of citizenship, let me ask how it can possibly apply in the instant case? The plaintiff is a corporation of Maine, one of the defendants is a corporation of West Virginia, and the other a corporation of New Jersey; and the suit was brought in the state court of Ohio, where both defendants are doing business, and where the contract of lease, whose covenants are alleged to have been broken by defendants to the damage of the plaintiff, is being executed.

Can it be said that the underlying reason for removal (adverted to in the discussion in both Senate and House of Representatives in 1887 when the present law was passed) exist in this case? Is the plaintiff, a nonresident landowner, likely to be more highly favored in the courts of the state of Ohio than the defendants, who have been actually there operating the mines and personally acquainted and in touch with the citizens of the community? I think not. They all stand on a parity as nonresidents of the state.

Again, the construction of the statute here contended for would give rise to no end of controversy, and practical futility, all of which is unwarranted by any language of the statute or fair inference from what is contained therein. In the present case, let us suppose that the state court had refused the prayer of the petition to remove this case, and the clerk of the court had declined to furnish an exemplification of the record in the state court. In what manner could this court, assuming that it had jurisdiction, compel the certification of the record from the state court, as provided for in section 39 of the Judicial Code (Comp. St. 1913, § 1021), which punishes the refusal on the part of a clerk by fine and imprisonment by the District Court of the United States to which said action or proceeding was removed? The clerk of the state court is not within the territorial scope of the jurisdiction of this court and could not be reached by its process.

The provision of the Judicial Code in relation to the jurisdiction of courts and the removal of causes thereto from a state court were taken bodily from the act of 1887 (24 Stat. 552, c. 373), as corrected by the act of August 13, 1888 (25 Stat. 434, c. 866), and in those acts the only provision for removal was to the District (then Circuit) Court of the district in which the suit was pending in the state court. I take the position that the law passed by Congress in 1887, and corrected and amended August 13, 1888, is a harmonious whole, and that the *proper* district referred to in section 2 of the act, now embodied in section 28 of the Judicial Code, is exactly the same district as that referred to in section 3 of the act, now embodied in section 29 of the Judicial Code, viz. the district in which the suit may be territorially pending in the state court, from which it is sought to be removed.

The language of the act of 1887, as corrected by the act of August 13, 1888, in so far as it provides for the removal of a suit from a state court to a court of the United States "for the proper district" is precisely the same as it was in the act of March 3, 1875 (18 Stat. 470, c. 137), and the procedure for removal provided by the act of March 3, 1887, as corrected by that of August 13, 1888, was precisely the same as that provided by section 3 of the act of March 3, 1875, except as to the right of removal, which has been restricted by the later acts. In other words, the act of March 3, 1875, provided for the removal "of such suits into the Circuit Court to be held in the district where such suit is pending"; and no one, under the provision of that act, ever contended for the right to remove a case from a state to a federal court of some other state.

I fail to see, in the face of the definite provision declaring where any such removal shall be had, any permission to remove a case from a state court to any other court than the one so pointed out. It must be true that jurisdiction upon removal must be affirmatively conferred, as well as original jurisdiction, and I regard the words "proper district" as entirely tantamount to the phrase found in the later section of both acts, "district where such suit is pending."

I am aware that this view of the jurisdiction of removal has been rejected by Judge Ray, of the Northern district of New York, in Park Square Automobile Station v. American Locomotive Co., 222

Fed. 979, and by Judge Toulmin, of the Southern district of Alabama, in Stewart v. Cybur Lumber Co., 211 Fed. 343; but my views being in harmony with those expressed by Judge Hanford in Puget Sound Sheet Metal Works et al. v. Great Northern Railway Co., 195 Fed. 350, by Judge Rose in St. John v. United States Fidelity & Guaranty Company, 213 Fed. 685, wherein the statute is exhaustively discussed, by Judge Hand in St. John v. Taintor, 220 Fed. 457, by Judge Geiger in two cases of Pavick v. Chicago, M. & St. P. Ry. Co. and Klawa v. Same, 225 Fed. 395, and still later by Judge Sanborn in Eddy v. Chicago, etc., Railway Co., 226 Fed. 120, I content myself with citing those cases.

A strong argument has been made by counsel for the plaintiff upon the point that under the laws and decisions of the state of Ohio the two defendants occupied the relation of principal and surety under the contract sued upon, and that hence the cause was not separable within the purview of the federal statute, and the time having expired for the filing of the petition for removal by the Sunday Creek Company, there could, in no event, be a removal of the cause. It seems to be unnecessary to discuss this point, as I take the view that in no event could this cause be removed to the Southern district of West Virginia, and I therefore omit any discussion of the point so raised by counsel for the plaintiff.

For the reasons assigned, an order may be entered remanding this case to the court of common pleas of Franklin county, Ohio, from which it was sought to be removed.